**TELANSERPHONE, Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**Robert C. Crabb, Intervenor.**

**No. 12716.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 13, 1955.

Decided Feb. 9, 1956.

15. United States v. American Trucking Ass'ns, 1940, 310 U.S. 534, 543, 60 S.Ct. 1059, 1064, 84 L.Ed. 1345.

Mr. J. Roger Wollenberg, Washington, D. C., with whom Mr. Andrew G. Haley, Washington, D. C., was on the brief, for appellant.

Mr. Daniel R. Ohlbaum, Counsel, Federal Communications Commission, for appellee.

Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, and J. Smith Henley, Asst. Gen. Counsel, Federal Communications Commission, were on the brief for appellee.

Mr. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Jeremiah Courtney, Washington, D. C., with whom Mr. John B. Letterman, Washingon, D. C., was on the brief, for intervenor.

Before EDGERTON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Telanserphone appeals from decisions and orders [1] of the Federal Communica-

---

1. Telanserphone's notice of appeal lists the "decisions and orders" appealed from as follows:

"(a) A decision * * * granting the application of Robert C. Crabb for a construction permit * * * and deny-

34

tions Commission having the effect of granting the applications of Robert C. Crabb for a construction permit and a license for a one-way radiopaging signal station at Los Angeles, California, and denying the mutually exclusive application of Telanserphone. Crabb is intervenor in this court. The applications for construction permits were the subject of a consolidated or comparative hearing under Commission procedures. An initial decision by a hearing examiner was followed by a number of intermediate procedural steps and a final decision by the Commission which granted the construction permit to Crabb. Both applicants were found to possess minimal qualifications, so that the award to Crabb turned upon the Commission's more favorable view of his qualifications rather than upon the lack of essential qualifications on the part of Telanserphone. Crabb proceeded with the construction of a station and was given a license, and later a renewal license, by the Commission. Telanserphone's petition for rehearing was denied. Then came the appeal to us.

■■■ Most of Telanserphone's contentions involve alleged errors in Commission conclusions as to the relative merits of the two applicants and of their proposals. These conclusions were reached on adequate evidence and were within the Commission's competence. They accordingly withstand attack in this court. However, among Telanserphone's contentions there is one, directed to an omission in the Commission's comparative consideration, which we think cannot be overlooked. Telanserphone asserts that the Commission made no comparison of the rates each applicant proposed to charge for its particular type of service. The Commission says this was not required because the types of service were different; Crabb proposed a calling system installed in the subscriber's automobile, while Telanserphone proposed a pocket-type receiver. We think the Commission's position that the difference in types of service obviated the necessity for a comparison of the proposed rates is inconsistent with any reasonable construction of the decision of this court in Johnston Broadcasting Co. v. Federal Communications Commission, 85 U.S.App.D.C. 40, 175 F.2d 351. The applications being mutually exclusive the rates each applicant proposed to charge for its service were unquestionably important in deciding which service was more comformable with the public interest, convenience, and necessity. The award of course need not be made on the basis of this factor alone; but we fail to understand how the award can validly be made without considering it. It may well be that because of other desirable features of the Crabb system most people would prefer it, but they might not prefer it to the point of paying a substantially higher rate for it. This is not to say that the Commission was to determine the reasonableness of the rates, but only that in deciding between the two applicants it should consider the relative costs to the public, along with all other appropriate comparative factors.[2]

ing the application of Telanserphone, Inc. for the same frequency, * * * which decision * * * was reaffirmed on petition for rehearing by Memorandum Opinion and Order * * *.

"(b) The grant without hearing of the application of Robert C. Crabb for license to cover the above-described construction permit, * * * reaffirmed in the above-described Memorandum Opinion and Order * * *.

"(c) The grant without hearing of the application of Robert C. Crabb for renewal of station license * * * reaffirmed in the above-described Memorandum Opinion and Order * * *."

2. The Commission also argues that no comparison could be made because it did not have adequate information about Telanserphone's proposed rates. The Commission found that Telanserphone's service could be used only in connection with a telephone answering service; and since Telanserphone did not submit the rates for this service the Commission argues that it could not predict the total cost to a subscriber. Nowhere in the Commission's decisions in the case, however, is this adequately stated as the reason why a comparison was not made. Moreover, it appears that the record might not support the Commission's

The issues specified by the Commission itself when it designated the two applications for consolidated hearing required this.

■ The Commission says further, however, that the question was not properly reserved for our review. The hearing examiner decided in favor of Telanserphone, but did not award either applicant a preference on the basis of rates. Telanserphone failed to propose for Commission consideration a finding and conclusion to the effect that it should be awarded a preference in rates. But, as we have seen, not only was the subject of rates among the issues framed by the Commission to be heard comparatively, but after the Commission's own decision Telanserphone raised the question again in its petition for rehearing. And it actually was dealt with by the Commission in its Memorandum Opinion and Order denying that petition. Accordingly, we know of no reason whatever why we cannot consider the question.

■ Notwithstanding its contention that the rates need not be compared, the Commission suggests that in fact there was an adequate comparison. The only statement by the Commission which might possibly be viewed as relevant to this suggestion occurs in the Memorandum Opinion and Order denying Telanserphone's petition for rehearing. There the Commission, after setting

finding that "Telanserphone Answering Service * * * is a necessary adjunct to the proposed radio service." This proposition was specifically negated by the testimony of Telanserphone's chief witness. Upon remand the Commission may find it desirable to take additional evidence on this question.

forth the proposed rates of each applicant and declaring that "in a proceeding of this kind" a comparison of rates is inappropriate, states, "Moreover, there is no ground for determining a point of preference between the proposals on the basis of the rates proposed." Even if this statement be regarded as indicating that a comparison was made and on the basis of such comparison no preference could be granted, it is insufficient. The expression of a bare conclusion that there was no ground for a preference does not reveal "the basis" for the conclusion required by 47 U.S.C. § 409(b) (1952), 66 Stat. 721 (1952), 47 U.S.C.A. § 409(b).[3] The statutory duty of this court to review the action of the Commission cannot be performed without a fuller statement of its reasons for its conclusion. Capital Transit Co. v. Public Utilities Commission, 93 U.S.App.D. C. 194, 201, 213 F.2d 176, 183, certiorari denied 348 U.S. 816, 75 S.Ct. 25, 99 L.Ed. 643, and cases cited; American Broadcasting Co. v. Federal Communications Commission, 85 U.S.App.D.C. 343, 350–351, 179 F.2d 437, 444–445; Heitmeyer v. Federal Communications Commission, 68 App.D.C. 180, 186, 95 F.2d 91, 97; Tri-State Broadcasting Co. v. Federal Communications Commission, 68 App. D.C. 292, 96 F.2d 564.[4]

No other question raised by applicant we think is ground for reversal.

Reversed and remanded.

3. This defect is particularly striking in the instant case because Crabb's charge for sixty calls per month is more than two-and-one-half times Telanserphone's charge for unlimited service.

4. See, also, for application of the same principle in another area of the law, Vendemia v. Cristaldi, 95 U.S.App.D.C. 230, 221 F.2d 103, and cases there cited.