240 F.2d 410
 GERICO INVESTMENT COMPANY, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Biscayne Television Corporation, Intervenor.
GERICO INVESTMENT COMPANY, Petitioner,
v.
UNITED STATES of America, and Federal Communications Commission, Respondents,
Biscayne Television Corporation, Intervenor.
 No. 13154.
 No. 13155.
 No. 13314.
 United States Court of Appeals District of Columbia Circuit.
 Argued October 3, 1956.
 Decided January 17, 1957.
 
 Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the brief, for appellant in No. 13154 and petitioner in Nos. 13155 and 13314.
 Mr. Daniel R. Ohlbaum, Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, and Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, were on the brief, for appellee in No. 13154 and respondents in Nos. 13155 and 13314. Mr. Daniel M. Friedman, Attorney, Department of Justice, also entered an appearance for respondent United States of America, in Case No. 13314.
 Mr. D. M. Patrick, Washington, D. C., with whom Messrs. Lester Cohen and Stanley S. Harris, Washington, D. C., were on the brief, for intervenor.
 Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.
 FAHY, Circuit Judge.
 Gerico Investment Company appeals, as a party aggrieved, from the grant on January 20, 1956, by the Federal Communications Commission to Biscayne Television Company, intervenor, of a construction permit on Channel 7 in Miami, Florida, from denial of Gerico's request to intervene in and for a stay of Channels 7 and 10 proceedings in Miami pending the outcome of a general deintermixture proceeding in progress, and from related orders. Biscayne challenges our jurisdiction to entertain the appeal taken in No. 13154 under section 402(b) of the Communications Act, 48 Stat. 926 (1934), as amended, 47 U.S.C. § 402(b) (1952) 47 U.S.C.A. § 402(b).[1] Ordinarily there would be no question of our jurisdiction under section 402(b) to review on appeal the grant of a construction permit and orders ancillary thereto. Federal Communication Commission v. National Broadcasting Co., 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374; Metropolitan Television Co. v. United States, 95 U.S.App.D.C. 326, 221 F.2d 879. Here, however, Biscayne contends the ordinary rule is inapplicable because Gerico did not comply with the requirement of section 405 of the Act to the effect that judicial review must be preceded by a petition for rehearing unless the one who seeks review was a party to the proceeding.[2] It says Gerico was not a party, failed to petition for rehearing, and therefore may not appeal. The Commission does not join in this challenge to our jurisdiction in No. 13154.
 The obvious purpose of section 405 is to afford the Commission an opportunity to consider and pass upon matters prior to their presentation to the court. The Commission itself does not assert that it lacked that opportunity in this case. Gerico by its petition to intervene sought to become a party, to obtain a hearing by the Commission on the questions it presented, and it stated the grounds for the relief it desired. The Commission considered the questions presented by Gerico and denied the relief sought. Thus Gerico was not a stranger to the proceedings, or one whose position was rejected at the threshold. Its position was entertained on the merits and then rejected, and it is this action of the Commission which is the subject matter of this appeal. The real objective of section 405 accordingly was accomplished. Compare O'Neill Broadcasting Company v. United States, ___ U.S.App.D.C. ___, 241 F.2d 443. Only too literal and narrow an interpretation of the words of section 405 would preclude our considering Gerico a party within its meaning, and cause us to deny our jurisdiction in the circumstances of this case. As Mr. Justice Frankfurter said in the course of his dissenting opinion in Massachusetts Bonding & Ins. Co. v. United States, 352 U.S. 128, 77 S.Ct. 186, 191, 1 L.Ed. 171:
 
 
 1
 "* * * Of course one begins with the words of a statute to ascertain its meaning, but one does not end with them."
 
 
 2
 Coming to the merits, the position of Gerico is essentially foreclosed by our decision in Coastal Bend Television Co. v. Federal Communications Commission, 98 U.S.App.D.C. 251, 234 F.2d 686. Sitting en banc we there considered the Commission's Report and Order of November 10, 1955, 20 Fed.Reg. 8495, 13 Pike & Fischer RR 1511, which involved the question of deintermixture of VHF and UHF channels. The Commission in 1952 had issued its Sixth Report and Order, 17 Fed.Reg. 3905, 1 Pike & Fischer RR 91:599, which allocated both VHF and UHF channels to many communities. Numerous UHF stations thereafter secured permits and began operations in locations where VHF channels were also allocated but where actual VHF operations were delayed by the time consumed in Commission proceedings involving competing applicants. Experience indicated in many instances that when VHF stations did begin to operate they seriously and adversely affected the earlier established UHF stations. As a consequence many of the latter initiated proceedings to prevent the grant of VHF permits and to change previous VHF allocations by bringing about deintermixture. The Commission designated five communities where such petitions were filed, including Corpus Christi, Texas, Coastal Bend's location, as "pilot" communities for the study of the problem. Upon completion of this study the Commission concluded that the problem was nationwide in scope, could not be resolved on a local basis, and should be made the subject of a general rule-making proceeding. Pending such proceedings it refused to "freeze" VHF authorizations. In Coastal Bend, the Commission also denied stays of comparative hearings of VHF applications, and denied petitions of UHF stations to intervene in such hearings.
 
 
 3
 Gerico seeks relief like that the denial of which we upheld in Coastal Bend. Gerico is the permittee of television broadcast station WITV at Fort Lauderdale, Florida, on UHF Channel 17. Two VHF channels, 7 and 10, have been allocated to Miami, located in the same general area. While the comparative hearings which resulted in the grant of Channel 7 to Biscayne were still pending Gerico filed a petition for deintermixture, alleging that operations on these VHF channels would ruin Gerico's UHF operations, and requested the Commission to stay Channel 7 and Channel 10 proceedings pending action on the petition of Gerico and others to obtain deintermixture in the area. These petitions having been denied, Gerico, as we have indicated, sought (1) intervention in the Channel 7 and Channel 10 proceedings, (2) stays, and (3) reconsideration of the denial of Gerico's petition for deintermixture, all of which were also denied. Thus it would clearly appear that Gerico's cases No. 13154 and No. 13314, the latter challenging the Commission's Report and Order of November 10, 1955, supra, fall within our Coastal Bend decision. See, also, Van Curler Broadcasting v. United States, 98 U.S.App.D.C. 432, 236 F.2d 727, certiorari denied 352 U.S. 935, 77 S.Ct. 226, 1 L.Ed.2d 163.
 
 
 4
 Gerico contends, however, that its case is distinguishable from Coastal Bend. It says that the petitioners there were objecting to the first VHF grant in the area, while here a second VHF grant is involved, that while its UHF station might compete with one VHF station it could not exist against two. This difference would not have changed our Coastal Bend decision, where we said that the Commission's decision
 
 
 5
 "* * * was based on its finding that the VHF stations would bring additional television service to a significant number of people. True, there would be a loss to the public if VHF competition should destroy existing UHF stations before the current rule-making proceeding decides the ultimate fate of UHF television. But whether one factor should outweigh the other is precisely the sort of question which Congress * * * wished to commit to the discretion of an expert administrative agency, not the courts. It is for the Commission, not the courts, to pass on the wisdom of the channel allocation scheme." [98 U.S.App.D.C. 251, 234 F.2d 690.]
 
 
 6
 In such a matter of agency discretion a difference in the degree of danger to a UHF station would not be a determining factor.
 
 
 7
 Gerico contends also that while in Coastal Bend, even if the UHF stations folded no city in the area would be left without a local station, here, if Gerico should fold Fort Lauderdale would be without a local TV outlet. The stay we granted in Greylock Broadcasting v. U. S., 97 U.S.App.D.C. 414, 231 F.2d 748, is cited. But we granted a stay in that case not because the second VHF station would have left a city without an outlet but because it involved the allocation of a new VHF channel rather than the grant of a permit to operate on an existing one, as in Coastal Bend and here. This distinction was relied on when we denied stays pending review in Coastal Bend. Moreover, after an en banc consideration of the Greylock case on its merits we concluded that the Commission could allocate a new VHF channel during the pendency of the rule making proceedings on deintermixture. Van Curler Broadcasting Co. v. U. S. (Greylock Broadcasting Co. v. U. S.), 98 U.S.App.D.C. 935, 236 F.2d 727, certiorari denied 352 U.S. 935, 77 S. § 1292(1).
 
 
 8
 Gerico also says that in its petition for deintermixture it submitted engineering data of a different nature from that submitted in Coastal Bend. Gerico's data pertained to the advantages which UHF has over VHF in the Southern Florida area. But this data was presented to the Commission in the rule-making proceeding and can therefore provide no basis for distinguishing this case from Coastal Bend, where we said:
 
 
 9
 "We do not think the Commission abused its discretion in denying intervention when the only purpose was to argue the very points that had been argued * * * in the rule-making proceeding culminating in the November 10, 1955, Report and Order."
 
 
 10
 It is further contended by Gerico that its deintermixture proposal is area-wide, in contrast to the city-by-city proposals in Coastal Bend. This difference is not controlling. We do not substitute our judgment for that of the Commission, stated in its Report and Order of November 10, 1955, supra:
 
 
 11
 "* * * Premature involvement with questions relating exclusively to individual city assignments or to limited areas, without reference to a nationwide system, would unduly impede our progress in determining the basic course which it would be desirable to follow in considering possible revisions to the nationwide television allocation plan."
 
 
 12
 Gerico says finally that while in this case its petition for reconsideration of the denial of its petition for deintermixture was still pending when the grant to Biscayne was made, in Coastal Bend the appellants' petitions for rehearing were denied simultaneously with grant of the contested VHF permits. It says the Commission grant to Biscayne, without disposing of its petition for rehearing, was "highly arbitrary." But under section 405 of the Act a petition for rehearing does not postpone the effectiveness of an order, and it was not necessary for the Commission to act simultaneously upon the two matters.
 
 
 13
 In No. 13155 there is no effort to obtain review of any action of the Commission over which we have not assumed jurisdiction in No. 13154. Having taken jurisdiction in No. 13154 under section 402(b) the petition to review in No. 13155 pursuant to section 402(a) is dismissed for want of jurisdiction, since the latter section applies only to review proceedings which do not lie under the former.
 
 
 14
 In No. 13154 we affirm; in No. 13155 we dismiss for want of jurisdiction; in No. 13314 we affirm.
 
 
 
 Notes:
 
 
 [1]
 By order of March 9, 1956, we denied a motion of Biscayne to dismiss the appeal then for want of jurisdiction, but without prejudice
 
 
 [2]
 The text of section 405 is as follows:
 "* * * The filing of a petition for rehearing shall not be a condition precedent to judicial review of any such decision, order, or requirement, except where the party seeking such review (1) was not a party to the proceedings resulting in such decision, order, or requirement, or (2) relies on questions of fact or law upon which the Commission has been afforded no opportunity to pass." 47 U.S.C.A. § 405.