Joseph F. LETTL, Plaintiff,

v.

Charles E. WILSON, Secretary of Defense, Robert T. Stevens, Secretary of the Army, Frederick J. Lawton, George M. Moore and Philip Young, Commissioners of the United States Civil Service Commission, Defendants.

Civ. A. No. 2353–55.

United States District Court
District of Columbia.

Feb. 1, 1957.

John I. Heise, Jr., Washington, D. C., Leonard J. Meiselman, New York City, for plaintiff.

Oliver Gasch, U. S. Atty., and Edward P. Troxell and Joseph M. F. Ryan, Jr., and Catherine B. Kelly, Asst. U. S. Attys., for defendants.

MORRIS, District Judge.

In this proceeding the plaintiff seeks certain relief upon the ground that he was removed from the position of Investigator (CIC–414), GS–8, assigned to the 430th CIC Detachment, Headquarters U. S. Forces in Austria, Vienna, Austria, upon the basis of an unsatisfactory efficiency rating, alleged to have been illegally made and sustained upon appeal. It is not disputed that the plaintiff held the position referred to, and that he was given a warning notice August 4, 1949, as required by regulations, before the unsatisfactory rating was subsequently given on January 3, 1950, for the period from November 30, 1948,

to November 30, 1949. In the interim between the warning notice and the unsatisfactory rating the plaintiff received notification of personnel action, dated November 27, 1949, of a periodic within grade salary advancement from $4200 per annum to $4325 per annum. This notification listed plaintiff's efficiency rating as good, and also contained the notation "conduct is satisfactory." It is not in dispute that the plaintiff, at the time relevant, was a non-veteran, holding a position excepted from the classified Civil Service, nor, however, is it in dispute that, under the regulations promulgated by the Secretary of the Army under the authority of Section 9 of the Classification Act of 1923, as amended,[1] he was subject to the uniform system of efficiency ratings, which required that, before an unsatisfactory rating was given, a warning notice should be given to afford the plaintiff an opportunity to improve his service. Such regulation[2] specifically provided

---

1. 54 Stat. 1215, § 7, 5 U.S.C.A. § 669; also see 63 Stat. 970, Secs. 901–903, superseded by Performance Rating Act of September 30, 1950, c. 1123, Sec. 11(3), 64 Stat. 1100, The Civil Service Commission Departmental Circular 133, Supplement 3, dated August 7, 1941, revised and extended the efficiency rating system to apply to all employees, whose compensation was fixed under the schedules set by the 1923 Act. Federal Personnel Manual E 1–25, Transmittal Sheet 233, September 23, 1948, provides:

   Adverse actions in the case of employees whose efficiency ratings are below "Good" shall be taken in accordance with the provisions of the efficiency rating system adopted by the Agency with the approval of the Commission.

2. CPR E1.3–7.a. No "Fair" or "Unsatisfactory" official efficiency rating will be made unless the employee has received a written warning notice that his work performance is failing to meet the required standards for a rating of "Good." The warning notice ordinarily will be issued 3 months in advance of such an official rating. This period in no case shall be less than 30 calendar days or more than 6 months. During the warning period, the employee will be given an opportunity to meet the required standards. The reg-

ular official rating will not be prepared until completion of the time period specified in the warning notice.

b. The warning notice will specifically include the following information:

(1) How the employee's performance fails to meet the requirements.

(2) How the employee may improve his performance.

(3) That the employee will have an opportunity to improve his performance.

(4) The date before which improvement must be shown.

(5) That the employee will receive a "Fair" or "Unsatisfactory" rating if his performance fails to improve to meet the requirements.

c. Ordinarily, the warning notice will be prepared by the rating official and processed in accordance with instructions contained in section 7, chart E1–2. If the reviewing official changes the rating to "Fair" or "Unsatisfactory," the warning notice will be prepared by that official.

d. Under no circumstances will a copy of the warning notice be filed in an employee's official personnel folder until the expiration of the period specified therein, and then only in the event the official efficiency rating is approved as "Fair" or "Unsatisfactory."

e. If a favorable certificate of satisfactory service and conduct for periodic

that, after such warning notice, if a periodic pay raise is made upon the basis of a good or better rating, such would serve to cancel any prior warning notice.

Upon the receipt of the notice of unsatisfactory rating, the plaintiff protested said rating to the Chairman of the Efficiency Rating Board of Review, Regional Office of the Civil Service Commission, by letter dated January 30, 1950, which Efficiency Rating Board of Review sustained the rating of unsatisfactory, and advised the plaintiff of his right to appeal to the Efficiency Rating Board of Review in Washington, D. C. The plaintiff filed an appeal with the Chairman of the Efficiency Rating Board of Review, United States Civil Service Commission, Washington, D. C., on March 24, 1950. By notification dated May 23, 1950, plaintiff was advised of his separation from the command effective May 11, 1950. The Department of the Army submitted certain material to said Efficiency Rating Board of Review in Washington on May 9, 1950 and on February 28, 1951. Such material did not include a copy of the transcript of proceedings nor a copy of the periodic ingrade advancement and efficiency rating of good issued on November 27, 1949. On June 14, 1951, the Efficiency Rating Board of Review closed the case without notifying plaintiff of any proposed hearing date. By decision of October 15, 1951, the Board of Review sustained the efficiency rating of unsatisfactory. By letter dated November 8, 1951, the plaintiff petitioned the Board of Review to reconsider its decision. Certain material was requested by the plaintiff to be furnished by the Civil Personnel Division of the Army, and the plaintiff also requested of the Chairman of the Board of Review certain data, including civil personnel regulations applicable. These requests were denied, and on June 3, 1952, the Chairman of the Board of Review advised plaintiff

that said material could not be furnished, and on the same date notified plaintiff that the original Board decision was sustained.

On October 17, 1952, plaintiff, acting through his then attorney, requested the Board of Review to reopen his efficiency rating appeal, and cited numerous defects in both the rating and review procedures to support his request. On December 30, 1952, the Board of Review notified plaintiff's attorney that it found no basis for reopening his appeal. From that time until the filing of the instant proceeding, plaintiff was seeking to obtain from army officials the data necessary to the institution of the present proceedings; for a relatively short period of that time, there was delay occasioned by the illness and inability of counsel for the plaintiff to act.

There is some question raised that there was failure on the part of the plaintiff in the course of his appeals to bring to the attention of the appellate Board the periodic pay advancement notification, upon which he relies to cancel the warning notice, and thus invalidate the unsatisfactory rating of which he complains. It might well be considered that it was the duty of the Army to submit that document as a matter of record in the appeal to the Board of Review in accordance with CPR E1. 5–2b, but irrespective of any failure on the part of the Army to bring such documentary evidence to the attention of the Board of Review, the plaintiff specifically in his petition for rehearing did bring such data to the attention of said Board, thereby giving the responsible administrative agency an opportunity to consider and determine the effect thereof under the regulation upon the validity of the rating complained of. This course of action is impliedly approved by the Supreme Court in the case of United States v. L. A. Tucker Truck Lines, 344 U.S. 33, at page 37,

within grade salary advancement is issued for an employee who previously had been given a warning notice, it will serve

to cancel the warning notice, and no rating of "Fair" or "Unsatisfactory" shall be assigned in connection with such notice.

73 S.Ct. 67, at page 69, 97 L.Ed. 54, and further sanctioned by our Court of Appeals in the cases of Democrat Printing Co. v. Federal Communications Commission, 91 U.S.App.D.C. 72, 202 F.2d 298, at page 303, Telanserphone, Inc., v. Federal Communications Commission, 97 U.S.App.D.C. 398, 231 F.2d 732, at page 735, and Gerico Investment Co. v. Federal Communications Commission, D.C.Cir., 240 F.2d 410.

Defendants concede that the applicable army regulation specifically states that notice of an ingrade pay advance, which was issued as alleged, cancelled the previous warning notice, upon which the subsequent unsatisfactory rating was made, but insist that the same was due to administrative inadvertence, and in effect assert that the regulation was improvident in that the rating in 1948, upon which it was evidently based, is not a proper criterion of the work performed by the plaintiff almost a year later. It may well be that the notification of ingrade pay advancement was due to confusion of the administrative personnel, as claimed by the defendants, and it also may be that the regulation was an unwise one, but the fact remains that it cancelled the warning notice, and, therefore, no unsatisfactory rating could properly be made without a subsequent warning notice, which was not given.

There are many other procedural matters complained of by the plaintiff, but it is unnecessary to consider them in view of the obvious conclusion that the unsatisfactory rating, upon which the plaintiff was expressly separated from the service, was erroneously made and sustained contrary to a controlling regulation. The conclusion is, therefore, inescapable that the plaintiff is entitled to the relief that the defendants be ordered to restore him to the grade of an Investigator (CIC–414), GS–8, or its equivalent, in the Department of the Army CIC Detachment, as of May 11, 1950, and to correct the records to reflect such restoration of the plaintiff. It is not the intention of this decision

to grant any relief respecting the payment of any salary to the plaintiff between the date of separation and the date of restoration, which relief is not sought in this proceeding.

For the reasons stated, defendants' motion for summary judgment will be denied, and plaintiff's motion for summary judgment will be granted.

Counsel will prepare an appropriate order to carry this decision into effect.