The **JACKSONVILLE JOURNAL COMPANY**, Appellant,

v.

**FEDERAL COMMUNICATIONS COMMISSION**, Appellee,

Florida-Georgia Television Company, Inc., Intervenor.

The **JACKSONVILLE JOURNAL COMPANY**, Petitioner,

v.

**UNITED STATES** of America and Federal Communications Commission, Respondents,

Florida-Georgia Television Company, Inc., Intervenor.

Nos. 13547, 13548.

United States Court of Appeals
District of Columbia Circuit.

Argued April 3, 1957.

Decided May 29, 1957.

Mr. William C. Koplovitz, Washington, D. C., with whom Messrs. William J. Dempsey and Frederick H. Walton, Jr., Washington, D. C., were on the brief, for appellant in case No. 13,547 and petitioner in case No. 13,548.

Mr. Robert M. Ague, Jr., Counsel, Federal Communications Commission, a member of the bar of the Supreme Court of Wisconsin, *pro hac vice*, by special leave of Court, with whom Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, and Daniel R. Ohlbaum, Counsel, Federal Communications Commission, were on the brief, for appellee in case No. 13,547 and respondent Federal Communications Commission in case No. 13,548. Mr. J.

Smith Henley, Asst. General Counsel, Federal Communications Commission at the time record was filed, also entered an appearance for appellee in case No. 13,-547 and respondent Federal Communications Commission in case No. 13,548.

Mr. Daniel M. Friedman, Attorney, Department of Justice, entered an appearance for respondent, United States of America, in case No. 13,548.

Mr. Bernard Koteen, Washington, D. C., with whom Mr. Alan Y. Naftalin, Washington, D. C., was on the brief, for intervenor, Florida-Georgia Television, Inc.

Before FAHY, WASHINGTON and DANA-HER, Circuit Judges.

WASHINGTON, Circuit Judge.

This case forms part of the general UHF-VHF television controversy described in Coastal Bend Television Co. v. Federal Communications Commission, 1956, 98 U.S.App.D.C. 251, 234 F.2d 686.

After our decision in Coastal Bend, the Federal Communications Commission on June 26, 1956, issued a Report and Order dealing with the "intermixture" problem. 13 Pike & Fischer RR 1571. That Report and Order, which was based on a general rule-making proceeding, concluded that the intermixture of UHF and VHF channels was, on a nation-wide basis, a failure. On the same day, June 26, the Commission instituted some thirteen separate rule-making proceedings to deal with UHF-VHF problems which had arisen in a like number of communities, with the stated purpose of bringing about de-intermixture there.

The present appellant-petitioner, Jacksonville Journal Company, operates a UHF station (WJHP) in Jacksonville, Florida. Intervenor, Florida-Georgia Television Company, Inc., is the successful applicant for a VHF license on Channel 12 in Jacksonville in adjudicatory proceedings, involving a number of applicants, which were still pending when the Commission issued its Report and Order of June 26.

On June 29, 1956, appellant-petitioner filed with the Commission a "Petition for Rule Making and Request for Stay". After pointing out that Jacksonville was not one of the thirteen communities for which the Commission had authorized separate rule-making proceedings, it argued that the situation in Jacksonville was similar in all relevant respects to that prevailing in the thirteen areas which the Commission had chosen, and requested that immediate steps be taken to "de-intermix" Jacksonville, suggesting plans whereby that result might be accomplished. It went on to request that rule-making proceedings be commenced for Jacksonville, and that pending the conclusion of such proceedings the Commission withhold any grant on Channel 12 in the pending adjudicatory proceedings. The petition requested, in the alternative, that any grant made "be conditioned in such a manner as to prohibit commencement by the successful applicant of commercial operation until after a final order in the rule making proceeding instituted pursuant to the instant petition." Oppositions to appellant's petition and proposals were filed by the competing Channel 12 applicants. On August 31, 1956, the Commission granted Channel 12 in Jacksonville to Florida-Georgia Television Company, Inc. It did not stay the grant, or condition operation, along the lines proposed by appellant. It further entered an order denying "that portion of the petition for rule making and request for stay filed on June 29, 1956 by The Jacksonville Journal Company which requests a stay or a conditional grant" in the adjudicatory proceedings.

The appeal in No. 13,547 is from the decision and order of the Commission granting the application of Florida-Georgia Television Company, Inc. (intervenor here), for a construction permit for a television station to operate on Channel 12. The petition for review in No. 13,548 is from the order of the Commission denying in part the "Petition for Rule Making and Request for Stay," filed June 29, 1956.

■ It is to be noted, first of all, that the Commission has not yet acted on WJHP's petition for rule-making on its merits. It has, of course, denied a stay (or any similar relief) with respect to the grant of Channel 12 to the intervenor. But it has not yet decided whether or not to hold a rule-making proceeding for the Jacksonville area. The petition for review in No. 13,548, brought under Section 402(a) of the Act,[1] accordingly does no more than seek review of an exercise of the Commission's licensing power, and must be dismissed as not authorized by the section relied upon. See O'Neill Broadcasting Co. v. United States, 1956, 100 U.S.App.D.C. ——, 241 F.2d 443; Gerico Investment Co. v. United States, 1957, 99 U.S.App.D.C. 379, 240 F.2d 410.

■ The principal question argued before us related to the failure of the Commission to stay or condition the grant to intervenor. We will consider that question in No. 13,547, brought under Section 402(b) of the Act. Appellant urges on brief that the Commission "should be prevented from adhering to the 1952 [television] allocation in intermixed markets after the Commission, as a result of the general rule-making proceeding, has decided to reject intermixture as a national policy and has further decided that immediate steps should be taken to grant relief to the public and UHF operators in intermixed markets." It adds: "Since there is no reasonable factual or legal basis for distinguishing between the public policy considerations applicable to the intermixture problem in Jacksonville, and the intermixture problems in Peoria, Springfield, Hartford and New Orleans[2] (although the method ultimately employed by the Commission to correct intermixture might well differ among these com-

1. Communications Act of 1934, as amended, 47 U.S.C.A. § 402(a).

2. These were among the 13 communities covered in the Commission's supplemental orders of June 26, 1956.

munities), the Commission's action in Jacksonville was not within the permissible orbit of the Commission's discretion, as that discretion was delineated in the Coastal Bend case."

We are unable to accept these arguments. It appears that in respect of the thirteen areas for which rule-making proceedings were authorized the Commission had already reached tentative conclusions regarding the nature of the solutions deemed desirable. The hearings were primarily instituted in order to receive views of interested parties as to the propriety and feasibility of these solutions. The Commission deemed it desirable to refrain, pending the conclusion of the hearings, from any action which would be contrary to or inconsistent with the contemplated solutions. It accordingly attached appropriate conditions to new grants of VHF licenses in those areas where a VHF channel would be deleted under the notice of proposed rule-making. No such tentative or preliminary conclusions had been reached by the Commission with respect to the Jacksonville area. On the other hand, the public interest in receiving promptly a new television service was a factor which the Commission was entitled to consider, particularly in view of the length of time the proceedings concerning Channel 12 had been pending. True, it may be that the Commission will hereafter decide to hold a separate rule-making proceeding for the Jacksonville area, as appellant has requested, and may as a result decide to take appropriate steps to make some change in the allocation or grant. But under all the circumstances here we are unable to conclude that the Commission has been arbitrary or capricious in refusing to stay or condition its grant to intervenor, made pursuant to its established procedures.

The order of the Commission will accordingly be affirmed in No. 13,547; the petition for review in No. 13,548 will be dismissed.

So ordered.