106 F.3d 426
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Guy W. HALL, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 96-3094
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1997.
 
 Before NEWMAN, LOURIE, and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Guy W. Hall petitions for review of the November 24, 1995 final decision of the Merit Systems Protection Board, Docket No. DA0432950444I-1, affirming his removal from the Defense Logistics Agency ("the agency") for unacceptable performance. See 5 U.S.C. § 4303(e) (1994). Because the board did not err in upholding the validity of the performance standard against which Hall was judged or by excluding certain witnesses from the hearing, we affirm.
 
 DISCUSSION
 
 2
 Beginning in 1991, Hall was employed by the agency as a GS-11 Quality Assurance Specialist (QAS). As a QAS, Hall was required to meet a position performance plan consisting of five critical elements, including In-Plant Quality Evaluation (IQUE) Implementation. Specific tasks associated with IQUE Implementation, typically involving the oversight of specific product lines, are established each quarter by a QAS and his first-level supervisor. Twice a year, the QAS is judged on his performance of these tasks.
 
 
 3
 Hall was initially assigned as a QAS in an agency office in Dallas, Texas, where he was responsible for monitoring various Texas Instruments, Inc. facilities under the first-level supervision of Dennis Abair. In 1993, Hall was assigned to another agency office near another Texas Instruments facility where his responsibilities and supervisors were fundamentally the same, except that he was to report to a new first-level supervisor, Mike Wright. In August 1994, after Wright noted that Hall had failed to satisfactorily complete any of the IQUE Implementation objectives, Hall was issued a Notice of Warning of Unacceptable Performance. On November 29, at the end of a ninety-day performance improvement period (PIP), Hall was issued a Notice of Proposed Removal. Nearly two months later, he was erroneously granted a within-grade-increase (WGI) relating to his original position. This WGI was later withdrawn. On February 7, Hall was officially removed for unacceptable performance. He appealed his removal to the board.
 
 
 4
 On July 7, 1995, following a hearing on the merits, an Administrative Judge (AJ) issued an initial decision affirming the removal. The decision was based upon the AJ's findings that the agency had established that the removal was taken pursuant to a valid, OPM-approved performance plan and that Hall was given a reasonable opportunity to demonstrate acceptable performance during the ninety-day PIP period, but failed to do so. The AJ rejected Hall's disability discrimination defense based upon his finding that Hall neither demonstrated he was disabled within the meaning of 29 C.F.R. § 1614.203(a) (1996) (defining "mental or physical impairment") nor identified a position in which the agency could accommodate his alleged disability.
 
 
 5
 The initial decision became final when Hall failed to file a petition for review prior to the August 11 deadline. On September 1, Hall filed both a petition for review with the board and a timely appeal to this court. In an unpublished order, we dismissed Hall's appeal without prejudice pending the board's disposition of his petition for review. Hall v. Defense Logistics Agency, 67 F.3d 318, 1995 WL 583694 (Fed.Cir. Sept. 26, 1995). On November 24, the board denied Hall's petition for review as untimely filed. Hall then filed the current appeal with this court, contesting the decision of the AJ, but not the board's denial of his petition for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).
 
 
 6
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 7
 Hall first argues that he could not be removed for unsatisfactory performance in light of the fact that he received a WGI. Specifically, he argues that the WGI indicated that his performance in his original position was satisfactory and therefore, under Smith v. Department of Navy, 30 M.S.P.R. 253 (1986), he could not be removed for unsatisfactory performance during his interim detail. He also argues, under Lettl v. Wilson, 148 F.Supp. 215 (D.D.C.1957), that because the WGI served to notify him that his performance was satisfactory, the agency was estopped from basing his removal on unacceptable performance without first issuing a new Notice of Warning of Unacceptable Performance. The agency responds that because Hall did not raise these arguments before the board, they are not properly before us. Moreover, the agency contends that even if Hall's arguments were properly before us, they are without merit.
 
 
 8
 We agree with the agency on both counts. On appeal, an appellant may not raise an issue that was not raised before the board. Lizut v. Department of Army, 717 F.2d 1391, 1395-96 (Fed.Cir.1983). Here, Hall has not shown that the issues concerning his WGI were raised before the board. Moreover, even if these issues were properly before us, the cases cited by Hall are inapposite. In Smith, the board reversed a removal for unacceptable performance of an employee who was detailed to a new position with a different grade and, more importantly, with different performance standards. Here, Hall's 1993 assignment was at the same grade as his previous assignment and his performance was measured against the same standards. In Lettl, the district court held that an employee was entitled to restoration to grade because "the applicable army regulation specifically states that notice of an ingrade pay advance ... cancelled the previous warning notice." 148 F.Supp. at 218. Hall does not suggest, nor has he demonstrated, that the agency's actions here are governed by a comparable regulation.
 
 
 9
 Hall also argues that the board erred in concluding that the agency's IQUE Implementation performance standard was valid. Specifically, he argues that the agency's use of a "fill-in-the-blank" format in its IQUE Implementation standard renders that standard impermissibly vague and, therefore, invalid. We do not agree. The agency's performance standard is not rendered invalid merely because it contains "numerous blanks." Rather, it is valid if, read as a whole, it permits an accurate evaluation of job performance on the basis of objective criteria relating to the position. See Romero v. Equal Employment Opportunity Comm'n, 55 M.S.P.R. 527, 535, reh'g denied, 58 M.S.P.R. 259 (1992), aff'd, 22 F.3d 1104 (Fed.Cir.1994). The blank lines, the sole basis of Hall's complaint, aid employees in evaluating each applicable critical job element (e.g., IQUE Implementation) against a specific standard of performance (e.g., exceptional, highly successful, etc.). We agree with the board that the IQUE Implementation performance standard, although drafted in a "fill-in-the-blank" format, is valid because it is sufficiently precise and specific to invoke general consensus as to its meaning and content. See id. at 534-35.
 
 
 10
 Finally, Hall argues that the AJ erred by excluding both Hall's initial first-level supervisor, Abair, and Hall's psychologist, Dr. James McCabe, as witnesses. The agency responds that the AJ properly exercised his discretion by excluding irrelevant or repetitious evidence. We agree with the agency. Wright, Hall's first-level supervisor at all times relevant to this appeal, did testify at the hearing. Hall does not indicate why Abair's testimony is relevant to his appeal. Moreover, Hall did not identify Abair as a potential witness before the board. With regard to Dr. McCabe, the AJ concluded that his testimony was unnecessary, because (1) the agency did not dispute the authenticity or accuracy of his medical report and (2) Hall did not raise any other factual disputes regarding which Dr. McCabe's testimony is relevant. Based upon these facts, we cannot say that the AJ abused his discretion in excluding these witnesses.
 
 
 11
 Accordingly, the board did not err in affirming Hall's removal from the agency. We therefore affirm.