## FLANNAGAN v. UNITED STATES.
### No. 10629.

Circuit Court of Appeals, Ninth Circuit.
Nov. 20, 1944.

Cantillon & Glover, of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and Ernest A. Tolin, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment sentencing appellant for the sale of a side of beef at a price higher than the maximum fixed by the Price Administration's Maximum Price Regulation No. 169 under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. The conviction was on count ten of the information, the pertinent portions of which read as follows:

"That on or about the 25th day of June, 1943, in the City of Anaheim, County of Orange, State of California, in the District aforesaid and in the Central Division thereof, and within the jurisdiction of this Court, Clarence O. Flannagan violated the provisions of Section 1364.401 of Revised Maximum Price Regulation 169 (7 Fed. Reg. 10381), as amended, issued pursuant to Section 2 of the Emergency Price Control Act of 1942, in that he did knowingly, willfully and unlawfully offer for sale, sell and deliver to James R. Kilduff, doing business as Kilduff's Market, Anaheim, California, one side of beef, U. S. Grade A, weighing 564 pounds, for the price of 29¼¢ per pound; that the maximum price permitted under said Revised Maximum Price Regulation 169, as amended, for said side of beef, U. S. Grade A, weighing 564 pounds, was 22¼¢ per pound;   *   *   *"

Section 1365.401(a) of Regulation 169 provides as follows:

"On and after December 16, 1942, regardless of any contract, agreement or other obligation, no person shall sell or deliver any beef carcass or any wholesale cut, and no person shall buy and receive beef carcasses or wholesale beef cuts at a price higher than the maximum price permitted by Section 1365.451; and no person shall agree, offer, solicit or attempt to do any of the foregoing   *   *   *"

The "person" referred to include "wholesaler," "peddler truck seller," "independent wholesaler," "packer," and "hotel supply house." Appellant complains that the information does not state to which class he belongs. The regulation defines a side of beef as "beef wholesale cut." The highest maximum price for a "side of beef" is allowed to a peddler truck seller. For no one of these classes does the maximum price in Zone 1, which includes California, exceed 22¼¢ per pound. 8 Fed. Reg. 7675, 7 Fed.Reg. 10381. We think the information sufficiently describes the offense. Taylor v. United States, 9 Cir., 142 F.2d 808, 814. There was no error in denying appellant's motion for an instructed verdict because of the insufficiency of the information.

Nor was there error in denying appellant's motion for an instructed verdict for insufficiency of the evidence to warrant conviction. The evidence shows the appellant a peddler truck seller, buying from packers and selling his meat, here the side of beef, "beef wholesale cut," to retailers of meat, here to Kilduff, operating a market in Anaheim, California. Appellant is charged with knowledge of the maximum price fixed by Regulation 169, since on June 9, 1943, prior to the sale, the regulation, as amended and to take effect on June 19th, was published in the Federal Register. Such publication created a rebuttable presumption of notice to appellant. 44 U.S.C.A. § 307. It also appears that instead of rebutting the presumption, the appellant had actual knowledge. He charged in his bills at this time for sides of beef the amount of 22¼¢ per pound, of which charge he said that to the best of his knowledge it was the ceiling price at which he was allowed to sell. The evidence clearly establishes appellant's sale to Kilduff at 29¼¢ per pound and that appellant deliberately participated in the black marketing of the beef by selling it for at least 7¢ per pound over the maximum.

Kilduff, a government witness, was shown a statement he had made to a government investigator to refresh his memory as to the amount he paid appellant over and above that of a check for $132.72 he gave in payment for the amount on the face of appellant's invoice which charged $125.49 for the 564 pounds of the side of beef at 22¼¢ per pound, and $7.23 for five small items. Kilduff's testimony was clear that he had paid some amount above the $132.-72. He testified as to that overcharge that it was "just what it says there" on the statement. On objection this was stricken from the record. Then occurred the following, which appellant assigns as error:

"Q. By Mr. Tolin: Tell us how much you paid him over and above the amount of the check that you gave him on the 25th day of June.

"Mr. Katz: Objected to, if the Court please; incompetent, irrelevant and immaterial. It has already been asked and answered.

"The Court: Overruled.

"Mr. Katz: Exception noted.

"The Witness: $39.48."

No objection was made to the examination of the statement made by the witness to the investigator. We find no error in the admission of the evidence last quoted. The overpayment of $39.48 is at least at the rate of 7¢ per pound for the 564 pounds of beef.

Appellant made an objection, which was overruled with exception, to the following instruction:

"This is an offense requiring a specific intent, and such intent must be shown to exist beyond a reasonable doubt. The intent on the part of the defendant may be shown by his acts and declarations and by the circumstances surrounding his actions which, when taken together, must prove beyond a reasonable doubt that the defendant had the specific intent to wilfully sell and deliver meat at a price or prices in excess of the lawful price or prices.

"If you are convinced beyond a reasonable doubt that the defendant did in fact sell meat to anyone, or more of the persons named in the several counts of the Information, and that he did in fact charge a price or prices for such meat in excess of the prices I have read to you, and that he at such time or times intended to so sell such meat at a higher price or prices than permitted by the Maximum Price Regulations promulgated under the Emergency Price Control Act of 1942, then you will find that he did so with a specific intent."

The objection was on the ground that "the specific intent referred to in the Instruction as required, could not be solely based upon a willful sale at excessive price, and that further, the Instruction endorsed the proposition that the court could charge the Jury specifically as to what the price of meat was on the day in question."

There is no merit in the objection. A willful sale at an excessive price necessarily implies a specific intent to sell it at such a price. The court had previously instructed the jury that the applicable maximum was 22¼¢ per pound. No objection was made as to the amount, but it was objected that the court could not state it and that the jury alone must figure it from the provisions of the regulation. The court properly overruled the objection. The regulation, having the force of law, determines the maximum price. Hence it was proper for the court to advise the jury what was the amount so legally fixed.

The judgment is affirmed.