**HOTCH  v.  UNITED STATES.**
No. 13621.

United States Court of Appeals
Ninth Circuit.
March 22, 1954.

Frederick Paul, Seattle, Wash., William L. Paul, Jr., Juneau, Alaska, for appellant.

P. J. Gilmore, Jr., U. S. Atty., James M. Fitzgerald, Asst. U. S. Atty., Juneau, Alaska, for appellee.

Before STEPHENS, BONE, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Steven V. Hotch was convicted of fishing in violation of a regulation of the Department of the Interior extending the period closed to commercial fishing on the Taku Inlet.[1] In an opinion filed September 14, 1953, this court affirmed the conviction, holding that the cited regulation was within the scope of the authority delegated by statute,[2] and that it applied to Hotch. See Hotch v. United States, 9 Cir., 1953, 208 F.2d 244. Subsequently, Hotch petitioned this court for a rehearing at which time he first raised the argument that the regulation was not effective since it had not

been published in the Federal Register. As the petition raised a jurisdictional point, we entertained it and in a supplemental opinion, filed December 2, 1953, reversed the conviction on the ground that the regulation closing the Taku Inlet to commercial fishing from 6:00 P. M. Thursday of each week was ineffective since it had not been published in the Federal Register.[3] Hotch v. United States, 9 Cir., 1953, 208 F.2d 249.

The United States now petitions for a rehearing on the ground that publication was not necessary to make the regulation in issue effective against the defendant in this action since (as it is stated in the petition) the defendant had actual notice of the extended closed period.

Section 5(a) of the Federal Register Act, Title 44 U.S.C.A. § 305, requires the publication in the Federal Register of, among other documents,[4] such documents or classes of documents as may be required to be published by Act of Congress.[5] Any such document which is not duly published is invalid.[6] In 1946, Congress enacted the Administrative Procedure Act, 60 Stat. 237, 5 U.S. C.A. § 1001 et seq., in which it described certain classes of documents which it required to be published.

Section 4(a) of the. Administrative Procedure Act, Title 5 U.S.C.A. § 1003 (a), requires that:

---

1. Regulatory Announcement 35, Announcement No. 2, announced by the Regional Director of the Fish and Wildlife Service, Juneau, Alaska, under authority delegated to him by the Secretary of the Interior. See Title 48 U.S.C.A. § 221, and Title 50 C.F.R. § 102.3(a).

2. Title 48 U.S.C.A. § 220 et seq.

3. Title 5 U.S.C.A. §§ 1001(c), 1002(a) (3), and 1003.

4. The term "document" includes agency rules, by definition. Title 44 U.S.C.A. § 304.

5. Section 5: "(a) There shall be published in the Federal Register * * * (3) such documents or classes of documents as may be required so to be published by Act of the Congress: * * *." Title 44 U.S.C.A. § 305.

6. Section 7: "No document required under section 305(a) of this chapter to be published in the Federal Register shall be valid as against any person who has not had actual knowledge thereof until the duplicate originals or certified copies of the document shall have been filed with the Division and a copy made available for public inspection as provided in section 302 of this chapter; and, unless otherwise specifically provided by statute, such filing of any document, required or authorized to be published under section 305 of this chapter, shall, except in cases where notice by publication is insufficient in law, be sufficient to give notice of the contents of such documents to any person subject thereto or affected thereby. * * *" Title 44 U.S.C.A. § 307.

"General notice of proposed rule making shall be published in the Federal Register (unless all persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law) * * *." [7]

And section 3(a) (3), Title 5 U.S.C.A. § 1002(a) (3) requires that:

"Every agency [8] shall separately state and currently publish in the Federal Register * * * substantive rules adopted as authorized by law * * *."

We quote from the Report of the House of Representatives Committee on the Judiciary in its statement on the substance of the Administrative Procedure Act:

"In the 'rule making' (that is, 'legislative') function it [the Administrative Procedure Act] provides that with certain exceptions agencies must publish notice and at least permit interested parties to submit their views in writing for agency consideration *before the issuance of general regulations* (sec. 4) [italics ours]." U.S.Code Congressional Service, 79th Congress, Second Session, 1946, p. 1195, at 1205.

The report goes on to state that hearings need not be held on a proposed regulation [9] unless required by statute. But the important disclosure is that publication is a prerequisite to the *issuance* of a regulation.

■ The Congressional directive in regard to the procedure to be followed in the issuance of agency regulations must be strictly complied with, since the issuance of regulations is in effect an exercise of delegated legislative power. In the case before us, neither notice that a regulation extending the closed period on the Taku Inlet was to be issued, nor the proposed regulation itself, was published in the Federal Register. The failure to comply with either of the referred to provisions of the Administrative Procedure Act means that the procedure laid down by Congress for the implementation of agency rules and regulations has not been met.

Appellee (United States) relies heavily on the language of section 7 of the Federal Register Act, Title 44 U.S.C.A. § 307, to support its contention that *actual notice* is a substitute for the requirement of publication, to-wit:

"No document required under section 305(a) of this chapter to be published in the Federal Register shall be valid *as against any person who has not had actual knowledge* thereof until the duplicate originals or certified copies of the documents shall have been filed with the Division [10] and a copy made available for public inspection as provided in section 302 of this chapter [section

---

7. It will be noted that the only exception from the necessity of publication is where the persons subject to a particular rule are specifically named, and even then only if they are also either personally served or have actual notice. In the instant case, neither the statute fixing closed periods, Title 48 U.S.C.A. § 234, nor the proposed regulations extending the statutory closed period (see Title 50 C.F.R. §§ 119.4 and 102.3a, and Regulatory Announcement 34, Announcement No. 2) names the persons subject thereto. Therefore, the excepting clause to the requirement of publication in section 4(a) of the Administrative Procedure Act as to persons with actual notice does not apply.

8. " 'Agency' means each authority * * *

of the Government of the United States other than Congress, the courts, or the governments of the possessions, Territories, or the District of Columbia." Title 5 U.S.C.A. § 1001(a).

9. While the Administrative Procedure Act uses the term "rule", its definition encompasses the term "regulation". See Title 5 U.S.C.A. § 1001(c) and Report of the House of Representatives Committee on the Judiciary: " * * * general regulations (called 'rules' in the bill) * * *." U. S. Code Congressional Service, 79th Congress, Second Session, 1946, p. 1195 at 1205.

10. The National Archives Establishment of the Office of the Administrator of General Services. Title 44 U.S.C.A. § 301; § 1 Federal Register Act.

2 of the Federal Register Act];
\* \* \*." [Italics ours.]

But section 7 does not imply, as appellee would have it, that the referred to document or rule would be valid without publication as to a person who has actual notice. For section 7 must be read in connection with section 2 which it modifies. Section 2 sets up a requirement in addition to publication, i. e., it provides that an original and two duplicate originals of a proposed rule must be filed with the Division. And section 7 provides that a proposed rule is not valid, although published, until those duplicate originals have been filed. An exception to the requirement of *filing the duplicate originals* is made in the circumstances where the interested party has had *actual notice*. But no exception is made to the independent requirement of publication, nor can section 7 of the Federal Register Act be inferred to intend such an exception, particularly in view of the reiteration of the requirement of publication found in subsections 4(a) and (c) of the Administrative Procedure Act, which is a later expression by Congress; Title 5 U.S.C.A. § 1003 (a) and (c).

■ While the Administrative Procedure Act and the Federal Register Act are set up in terms of making information available to the public, the Acts are more than mere recording statutes whose function is solely to give constructive notice to persons who do not have actual notice of certain agency rules.[11] The Acts set up the procedure which must be followed in order for agency rulings to be given the force of law. Unless the prescribed procedures are complied with, the agency (or administrative) rule has not been legally issued, and consequently it is ineffective.

The United States, in support of its argument that actual notice obviates the need for publication in the Federal Register, cites cases in which it has been held that publication gives constructive notice to all interested parties that a rule has been issued.[12] However, the holdings in those cases do not support the conclusion that a required definite procedure in the establishment of a criminal offense is waived by personal notice that the legislative body having jurisdiction to legislate had intended to create the offense.

■ Under our system of law, no act is punishable as a crime unless it is specifically condemned by the common law or by a statutory enactment of the legislature.[13] The Congress has here made it an unlawful offense against the United States to fish in "closed" waters, and has delegated the authority to determine which waters shall be closed to the Secretary of the Interior who, in turn, has subdelegated his authority. Since Congress could delegate its authority, it could also delegate the manner in which that authority is to be exercised. Therefore, the Administrative Procedure Act and the Federal Register Act must be read as a part of every Congressional delegation of authority, unless specifically excepted. Those Acts require publication, irrespective of ac-

11. "It is an elementary rule in the construction of *recording* laws that notice of an unrecorded instrument is equivalent to the recording of it, with respect to the person having such notice." [Italics ours.] 45 Am.Jur. 527. "Constructive notice is the law's substitute for actual notice, \* \* \*. Constructive notice has sometimes been defined by statute as notice imputed to a person not having actual notice, and it has been said that an essential part of the presumption is that the person sought to be charged is in fact ignorant of the facts." 39 Am.Jur. 236.

12. Among the cited cases are: Federal Crop Insurance Corp. v. Merrill, 1947, 332 U.S. 380, 385, 68 S.Ct. 1, 92 L.Ed. 10; Flannagan v. United States, 9 Cir., 1944, 145 F.2d 740; Kempe v. United States, 8 Cir., 1945, 151 F.2d 680; and Borak v. Biddle, 1944, 78 U.S.App.D.C. 374, 141 F.2d 278, 280.

See, also, Willapoint Oysters v. Ewing, 9 Cir., 1949, 174 F.2d 676; United States v. Morton Salt Co., 1950, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401.

13. 22 C.J.S., Criminal Law, § 17.

tual notice, as a prerequisite to the *issuance* of a regulation making certain acts criminal. If notice of a proposed rule is not published in the Federal Register at least thirty days prior to its issuance, or if good cause is not found and published for the immediate issuance of a rule,[14] the rule cannot be legally issued; if the rule itself is not published, it follows that it has not been issued; and if a rule has not been issued, it has no force as law.

█ If certain acts have not been made crimes by duly enacted law, the knowledge of their contemplated administrative proscription cannot subject the informed person to criminal prosecution. While ignorance of the law is no defense, it is conversely true that a law which has *not* been duly enacted is not a law, and therefore a person who does not comply with its provisions cannot be guilty of any crime.

█ We hold that since neither the proposed regulation nor the regulation itself in the instant case were ever published, the regulation is not valid whether or not appellant had actual notice of its contents. Whether or not actual notice might be required in addition to publication in certain circumstances,[15] we do not decide.

It will be noted that on February 15, 1952, just three months prior to the instant extension of the closed period on the Taku Inlet to 6:00 P. M. Thursday, the Department of the Interior had made changes in the closed period on the Taku Inlet through a regulation duly published in the Federal Register. 17 F.R. 1478, 50 C.F.R. 119.5. The instant, further, extension of the closed period on the Taku Inlet should have been accomplished in the same way.

The petition of the United States for rehearing is denied.

---

14. "The required publication or service of any substantive rule * * * shall be made not less than thirty days prior to the effective date thereof except as otherwise provided by the agency upon good cause found and published with the rule." Title 5 U.S.C.A. § 1003(c).

15. As the United States in its brief points out, there are times when the commercial fishing regulations are changed while commercial fishermen are at sea and when it would be unjust to bind them with regulations published in Washington, D. C.