OWENSBORO ON THE AIR, Inc., and Owensboro Publishing Company, Petitioners,

v.

UNITED STATES of America and Federal Communications Commission, Respondents,

American Broadcasting-Paramount Theatres, Inc., Intervenor,

Mid-America Broadcasting Corporation, Intervenor,

WEHT, Inc., Intervenor.

OWENSBORO ON THE AIR, Inc., and Owensboro Publishing Company, Appellants,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

American Broadcasting-Paramount Theatres, Inc., Intervenor,

Mid-America Broadcasting Corporation, Intervenor.

OWENSBORO ON THE AIR, Inc., and Owensboro Publishing Company, Appellants,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

American Broadcasting-Paramount Theatres, Inc., Intervenor,

Mid-America Broadcasting Corporation, Intervenor,

WEHT, Inc., Intervenor.

EVANSVILLE TELEVISION, Inc., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

WEHT, Inc., Intervenor.

EVANSVILLE TELEVISION, Inc., Petitioner,

v.

UNITED STATES of America and Federal Communications Commission, Respondents,

WEHT, Inc., Intervenor.

OWENSBORO ON THE AIR, Inc., and Owensboro Publishing Company, Petitioners,

v.

UNITED STATES of America and Federal Communications Commission, Respondents,

Amercan Broadcasting-Paramount Theatres, Inc., Intervenor,

Mid-America Broadcasting Corporation, Intervenor,

WEHT, Inc., Intervenor.

Nos. 13776, 13777, 14044, 14046, 14047, 14049.

United States Court of Appeals District of Columbia Circuit

Argued Sept. 18, 1958.

Decided Dec. 18, 1958.

Petition for Rehearing In Banc Denied Feb. 2, 1959.

---

Mr. Joseph Zias, Washington, D. C., for Owensboro on the Air, Inc., petitioner in Nos. 13776 and 14049 and appellant in Nos. 13777 and 14044. Mr. Philip G. Loucks, Washington, D. C., also entered an appearance for Owensboro on the Air, Inc., petitioner in No. 13776 and appellant in No. 13777. Mr. Maurice M. Jansky, Washington, D. C., also entered an appearance for Owensboro on the Air, Inc., appellant in No. 14044.

Mr. Robert N. Green, Washington, D. C., with whom Messrs. Vincent B. Welch, Harold E. Mott and Edward P. Morgan, Washington, D. C., were on the brief, for Evansville Television, Inc., appellant in No. 14046 and petitioner in No. 14047.

Mr. Russell Rowell, Washington, D. C., was on the brief for Owensboro Publishing Company, petitioner in Nos. 13776 and 14049 and appellant in Nos. 13777 and 14044. Messrs. Frank U. Fletcher and Robert L. Heald, Washington, D. C., also entered appearances for Owensboro Publishing Company, petitioner in No. 14044.

Mrs. Ruth V. Reel, Counsel, Federal Communications Comm., with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Comm., at the time the brief was filed, Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Comm., Richard M. Zwolinski, Counsel, Federal Communications Comm., and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for appellee-respondents. Mr. Charles C. McCarter, Atty., Federal Communications Comm., also entered an appearance for appellee-respondent Federal Communications Comm. in Nos. 14046 and 14047.

Mr. J. Roger Wollenberg, Washington, D. C., with whom Mr. Andrew G. Haley, Washington, D. C., was on the brief, for intervenor Mid-America Broadcasting Corp. in Nos. 13776, 13777, 14044 and 14049.

Messrs. James A. McKenna, Jr., and Vernon L. Wilkinson, Washington, D. C., were on the brief for intervenor American Broadcasting-Paramount Theatres, Inc., in Nos. 13776, 13777, 14044 and 14049.

Messrs. Bernard Koteen and Alan Y. Naftalin, Washington, D. C., were on the brief for intervenor WEHT, Inc.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

We are here asked to review another phase of the vexatious UHF-VHF conflict which has long engaged the Commission and which on several occasions has come to this court.[1] This time we are concerned with Evansville, Indiana, and the area adjacent thereto.

Owensboro on the Air, Inc. and Owensboro Publishing Company had been engaged in adjudicatory proceedings testing their comparative qualifications for an award of VHF Channel 9 in Hatfield, Indiana.[2] The Commission had made no award. These parties will hereinafter be referred to as Owensboro-appellants. Evansville Television, Inc., herein referred to as Evansville-WTVW, is a permittee which, since September 1956, has been operating on VHF Channel 7 in Evansville, Indiana.

Basically, the foregoing parties here contend that the Commission's rule making is technically invalid and thus that the deletion of VHF Channel 9 from Hatfield is illegal. The Commission's notice of proposed rule making in Docket No. 11757 specifically prescribed a contemplated plan to require all commercial television operations emanating from Evansville to utilize UHF channels. It was expressly noticed that VHF Channel 7 at Evansville was to be reserved for educational use, should the proposal be adopted. No construction permit had ever been issued for operation on VHF Channel 9 at Hatfield, and the notice of rule making did not mention Channel 9. Accordingly it is argued that the notice was ·fatally defective because of the Commission's alleged failure to comply with the notice requirements of § 4(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1003(a) which reads in pertinent part:

> "Sec. 4(a). Notice.—General notice of proposed rule making shall be published in the Federal Register (unless all persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law) and shall include * * * (3) either the terms or substance of the proposed rule *or a description of the subjects and issues involved.*" (Emphasis added.)

In Jacksonville Journal Co. v. Federal Communications Com'n, 1957, 101 U.S. App.D.C. 12, 13, 246 F.2d 699, 700, we noticed that the Commission's Report and Order in Docket No. 11532 had followed our Coastal Bend decision.[3] Therein the Commission had specified certain criteria which were to be deemed generally applicable in dealing with the problem of interim action. The Commission had indicated that a "basic choice" in many markets might require the elim-

1. See, e. g., Coastal Bend Television Co. v. Federal Communications Commission, (en banc, 1956), 98 U.S.App.D.C. 251, 234 F.2d 686; Greylock Broadcasting Company v. United States, 1956, 97 U.S. App.D.C. 414, 231 F.2d 748; Springfield Television Broadcasting Corp. v. Federal Communications Commission, 1958, —— U.S.App.D.C. ——, 259 F.2d 170; and WIRL Television Company v. United States, 1958, 102 U.S.App.D.C. 341, 253 F.2d 863, certiorari granted judgment vacated on other grounds 358 U.S. 51, 79 S.Ct. 94, 3 L.Ed.2d 47. By our order, the Clerk of this Court directed all parties in the instant case to inform us as to the possible existence of circumstances such as caused the Supreme Court to vacate our judgment in the WIRL case. We accept the assurances of all parties that there are no such circumstances here present.

2. VHF Channel 9 was a "drop-in" channel not allocated to Hatfield, Indiana, under the Commission's 1952 Sixth Report and Order but was found thereafter to be permissible under later-evolved engineering limitations. Compare the Vail Mills Channel 10 "drop-in" in Greylock Broadcasting Company v. United States, supra note 1, and Van Curler Broadcasting Corp. v. United States, 1956, 98 U.S. App.D.C. 432, 236 F.2d 727, certiorari denied, 1956, 352 U.S. 935, 77 S.Ct. 226, 1 L.Ed.2d 163.

3. Supra note 1.

ination of VHF channels in order to create improved opportunities for UHF broadcasting. 13 Pike & Fischer Radio Reg. 1571, 1581, 1582. On the same day, June 26, 1956, in Docket No. 11757, 21 Fed.Reg. 4972, the Commission gave notice of proposed rule making and specifically called attention to its Report and Order in Docket No. 11532, in accordance with the general objectives of which its interim program of channel reassignments was to be undertaken. The Commission proposed that VHF Channel 7 in Evansville be reserved for educational use and that UHF Channel 56 in Evansville be released from educational reservation so that Evansville would have UHF Channels 50, 56 and 62 for commercial use. The same notice of rule making further specified that:

"Any interested party who is of the view that the proposed amendment should not be adopted, *or should not be adopted in the form set forth herein,* may file with the Commission on or before September 10, 1956, a written statement setting forth his comments." (Emphasis added.)

In addition, parties submitting comments were expressly requested "to direct their attention to the matters discussed in paragraph 31 of the Commission's Report and Order issued today in Docket No. 11532." Thus incorporated by reference in No. 11757 were the criteria spelled out in detail in Docket No. 11532. The Commission explained:

"Because of the widely varying circumstances in individual markets and the numerous factors which bear on the choice of techniques in any individual community or area, it is not possible to formulate rigid criteria whose perfunctory applica-

tion to individual cases will automatically indicate the course which would best serve the public interest in each community during the interim period. We have concluded, however, after extensive review of all the proposals which have been submitted to us for the elimination or addition of commercial VHF assignments, that the following considerations will have important bearing on decisions in specific communities or areas." [4] 21 Fed.Reg. 4958, 4962.

Pursuant to the Commission's invitation that comments or counterproposals be submitted, on July 13, 1956, Mid-America Broadcasting Corp., intervenor herein, and permittee of WKLO-TV, Channel 21 at Louisville, Kentucky, asked that VHF Channel 7 be allocated to Louisville rather than be retained in Evansville on a reserved basis.[5]

Evansville-WTVW on August 24, 1956, requested withdrawal of the Commission's June 26, 1956, notice of proposed rule making in Docket No. 11757. Evansville-WTVW correctly contended that as permittee of VHF Channel 7 it was entitled to a full evidentiary hearing under § 316 of the Communications Act. The Evansville-WTVW petition was denied by the Commission in a memorandum and order adopted November 28, 1956, released December 3, 1956. The Commission there noted that the "Notice of Proposed Rule Making in Docket No. 11757, to which petitioner objects, is *merely a proposal* which may or may not be adopted in the form proposed. *Only after consideration of the requested comments and any counterproposals that may be submitted* will we be in a position to judge the proposal on its merits, both legal and factual." (Emphasis added.)

Thereupon, under date of December 3, 1956, Mid-America filed its comments

---

4. Docket No. 11532, 13 Pike & Fischer Radio Reg. 1582.

5. On October 22, 1956, the Commission denied the Mid-America counterproposal and similar proposals submitted by other Kentucky residents. The Commission indicated that such counterproposals

would be considered in the Evansville deintermixture proceeding and accordingly, there was no necessity for amending the Notice of Rule Making or for instituting further rule making to incorporate the Louisville proposal. 21 Fed.Reg. 8196.

and counterproposal that Channel 7 be reallocated to Louisville, that Channel 9 be reallocated or be deleted from Hatfield, Indiana, and that certain UHF channels be allocated to Evansville and Hatfield. The intervenors, Premier Television, Inc., permittee of UHF Station WFIE in Evansville and WEHT, Inc., permittee of UHF Station WEHT at Henderson, Kentucky, also on December 3, 1956, jointly submitted comments urging that the Commission's original proposal be adopted with reference to VHF Channel 7. They specifically further asked that commercial TV channels "in the Evansville, Indiana market" be made exclusively UHF. These intervenors additionally urged that VHF Channel 9, allocated at Hatfield, Indiana, "be reserved for educational use in the Hatfield-Owensboro area."

Evansville-WTVW under date of December 28, 1956, filed extensive comments not only with reference to the Commission's proposal but to the comments and counterproposals of WFIE and WEHT. It argued the demerits of the plan to delete both VHF Channels 7 and 9.

The Owensboro-appellants, on the other hand, chose not to argue the merits. Instead, they contented themselves with filing a motion "to strike comments or so-called counterproposals filed in the above-entitled proceeding relating to the removal, reservation for educational purposes, or the deletion of Channel 9 from Hatfield, Indiana." Their pleading discloses their complete awareness of the Commission's proposal and of the counterproposals. They filed no comments nor did they otherwise propose participation in the rule making proceedings. On the contrary, they stood simply on their claim that the Commission must strike all proposals and counterproposals looking to the deletion or change in designation of VHF Channel 9 at Hatfield

solely on the ground, as they alleged, that the June 26, 1956, notice of proposed rule making had failed to comply with the requirements of § 4(a) of the Administrative Procedure Act. But they had actual notice both of the proposed rule making and of the "subjects and issues involved," just as § 4(a) requires.

The Commission on March 1, 1957, released its Report and Order:[6] VHF Channel 9 was deleted from Hatfield and assigned to Evansville for use as a non-commercial, education station;—UHF Channel 56 was allocated to Owensboro for commercial telecasting; Evansville-WTVW pursuant to the requirements of § 316 of the Communications Act of 1934[7] was ordered to show cause why VHF Channel 7 should not be reallocated to Louisville, and its entitlement to a hearing with reference thereto was recognized; and—at the same time, UHF Channel 31 was allocated to Evansville,[8] there to be available for commercial telecasting by Evansville-WTVW in the event that the Commission should ultimately decide that Channel 7 should be reallocated to Louisville. (Other actions then taken are not here pertinent.)

The Commission noted in its March 1, 1957, "Report and Order":

"Our June 26, 1956 Notice of Proposed Rule Making stated that the instant proceeding is being conducted in furtherance of our program for improving the opportunities for effective competition among a greater number of stations in specific areas, which program was enunciated in our June 26, 1956 Report and Order in the general television allocations proceeding (Docket No. 11532).[11] Since the need for area deintermixture was treated at some length in the Report and Order, all parties were on notice that the instant proceeding, as well as the other deintermixture proceedings, con-

---

6. 22 Fed.Reg. 1499.

7. 47 U.S.C.A. § 316.

8. Compare the WIRL situation, supra note 1, where as part of this same

community interim program, appellant desired the VHF Channel 8, not the UHF Channel 25 it received.

cern the need for and advisability of area deintermixture. Unquestionably Evansville and Hatfield, being only about 21 miles apart, are in the same general area.[12] The untenability of the Hatfield applicants' motion to strike is further demonstrated by the fact that the WFIE and WEHT counterproposal to delete or reserve for education Channel 9 was included as an integral part of their initial comments in this proceeding, which comments were filed on December 3, 1956. Reply comments were timely if filed by December 28, 1956. The Channel 9 applicants were thus afforded an ample opportunity to submit comments in opposition to this counterproposal. We need not decide whether these Hatfield applicants had constructive notice of the filing of the WFIE and WEHT counterproposal, since they unquestionably had actual notice of this filing some time prior to December 28, 1956. The Hatfield applicants could not otherwise have filed their motion to strike on that date.

---

[11] Both of these June 26, 1956 releases (Notice in this proceeding and the Report and Order in Docket 11532) were duly published in the Federal Register. This constitutes constructive notice of all parties under prevailing statutes.

[12] The record discloses that Station WTVW on Channel 7 in Evansville puts a Grade A signal over Hatfield, and that both of the Hatfield Channel 9 applicants propose to provide Evansville with a Grade A signal."

9. 47 U.S.C.A. § 405. The petition for reconsideration filed by Evansville-WTVW was denied by the Commission's Memorandum Opinion and Order released June 24, 1957.

10. We do not discuss the merits of the position of Evansville-WTVW with reference to the reallocation of VHF Channel 7, because of the pending hearing.

The Owensboro-appellants thus again had full opportunity, then and there to act, with detailed knowledge of all aspects of that Report and Order. They were already in the case as parties. Even were it to be granted that there was some substance to their claim of lack of earlier notice of the full import of the contemplated rule making, after their motion to strike had been denied and the Commission's Report and Order had issued on March 1, 1957, they certainly were fully advised in the premises. They could have sought reconsideration under § 405 of the Act.[9] But they chose to take no further steps.

It is clear that the Commission concluded, in its competence, to "de-intermix" the Evansville area and so allocated only UHF channels for telecasting in that market, thus seeking to achieve the objectives spelled out in detail in its Memorandum and Order in Docket No. 11532.[10] That the Commission in a rule making proceeding may take such action is no longer open to question.[11]

The case, then, comes to this: is an otherwise valid determination by the Commission to be voided for its failure to include in the original proposal a suggestion that its de-intermixture program might require the deletion of VHF Channel 9? We answer in the negative, particularly on the facts of this case. We have no intention whatever of accepting a Commission's plan of convenience as a substitute for compliance with the rule making notice requirements of § 4 of the Administrative Procedure Act. Here, however, there were both the actual notice and a description of the subjects and the issues involved as required by § 4(a), within our holding in Logansport Broadcasting Corp. v. Unit-

11. Peoples Broadcasting Co. v. United States, 1953, 93 U.S.App.D.C. 78, 209 F.2d 236; Zenith Radio Corp. v. Federal Communications Com'n, 1954, 93 U.S. App.D.C. 284, 211 F.2d 629; Logansport Broadcasting Corp. v. United States, 1954, 93 U.S.App.D.C 342, 210 F.2d 24; and see notes 1 and 2 supra.

ed States, supra note 11. Section 4(a), we there said, "requires only that the prior notice include 'a description of the subjects and issues involved.' We think the procedure followed by the Commission amply fulfilled this requirement. * * * Surely every time the Commission decided to take account of some additional factor it was not required to start the proceedings all over again. If such were the rule the proceedings might never be terminated." 93 U.S.App.D.C. at page 346, 210 F.2d at page 28.

There was far more than the concise general statement of the basis and purpose of the amended rules which we approved in Van Curler Broadcasting Corp. v. United States, supra note 2, required by § 4(b). There was no denial of opportunity to the parties to participate as fully as they chose. To avoid the Commission's rule making here would be an exercise in sheer stultification. The facts compel a realistic appraisal of the background for the action by the Commission which we now affirm.

Hatfield, Indiana, is a community of some 2,500 population. It may be supposed no one will contend a listening audience limited to that community can support a television station. Owensboro on the Air, Inc., tells us in its brief that the VHF Channel 9 "drop-in" was the result of its own engineering study. In seeking the allocation, it represented to the Commission that "the assignment of Channel 9 to Hatfield will result in the assignment of a channel to a community to which no assignment now exists and will provide a second channel to serve the needs and interests of Owensboro *and its environs*, thus fostering competition between television stations in the public interest as contemplated by the Communications Act." (Emphasis added.)

Of course that was true. There were only two VHF channels allocated to com-munities within 75 miles of Evansville. One was VHF Channel 9 and the other was VHF Channel 7. Any action as to reallocation or use which might affect one inevitably would affect the other. Allocations of television channels were not to post office sites but to the area to be served. Owensboro is only 10 miles from Hatfield. Evansville is only 21 miles from Hatfield. The Owensboro-appellants themselves, obviously, sought to serve, not Hatfield as such, but "Owensboro and its environs," and both actually proposed to put a Grade A signal over Evansville. That situation had long since given rise to a series of de-intermixture proposals with reference to this very area. Commencing as early as October, 1954, the juxtaposition of VHF Channels 7 in Evansville and 9 in Owensboro had been the subject of challenge, followed by Commission consideration and rule making.

Finally, on November 10, 1955, the Commission dismissed the various rule making proceedings,[12] and at the same time initiated the new rule making proceeding, Docket No. 11532, supra. The Commission's action was then attacked in this court with the appeals consolidated under the caption of Coastal Bend Television Co. v. Federal Communications Commission, supra note 1. There we sustained the Commission. We did so again in Gerico Investment Co. v. Federal Communications Comm., 99 U.S. App.D.C. 379, 240 F.2d 410, on January 17, 1957. All of these actions antedated the Commission's June 26, 1956, Report and Order in Docket No. 11532 and its initiation the same day of Docket No. 11757, here involved. We need not repeat but merely refer to the steps which followed, narrated above. If the purpose of notice when required in any case is to *give notice*, the appellants-petitioners here had it.[13] There is no showing

12. 13 Pike & Fischer Radio Reg. 1511; 20 Fed.Reg. 8495 where it will be seen, appellants-petitioners here with various of the intervenors had been parties to rule making proceedings in Docket No. 11334 involving these very channels and, in substance, the same proposals and counterproposals.

13. It has been urged that Hotch v. United States, 9 Cir., 1954, 212 F.2d 280 should control here. There the court was not concerned with the sufficiency of

that they were deprived of opportunity in any measure to take whatever steps their own situation might suggest, whether by way of counterproposal and comment or by evidence to establish their own position. That they are not happy over the result is clear. That they sustained legal injury is not.

Affirmed.

FAHY, Circuit Judge (dissenting).

The Administrative Procedure Act[1] provides two important safeguards for the protection of private rights in agency rule making by requiring, first, that there shall be publication of notice of proposed rule making, and secondly, that there shall be opportunity for participation by interested persons.

Section 4(a) provides that notice of proposed rule making shall be published in the Federal Register and must include, among other things, "either the terms or substance of the proposed rule or a description of the subjects and issues involved." Section 4(b) provides that after notice has been issued, "the agency shall afford interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity to present the same orally in any manner * * *." In rule making proceedings the provisions as to notice and public participation must be read together.

Considering the requirements of § 4 (a), I am unable to construe the notice which was released by the Commission on June 26, 1956, as adequate to support the order of the Commission. The notice is entitled "Amendment of Section 3.606, Table of Assignments, Television Broadcast Stations (Evansville, Indiana)"; its first paragraph states that

"Notice is hereby given of rule making in the above-entitled matter." The notice goes on in the second paragraph to announce that the Commission proposes changes in certain existing and named channels—some are to remain in Evansville while others will be reassigned elsewhere as specified. Neither Hatfield, Indiana, nor channel 9 then assigned to Hatfield, is mentioned anywhere in the notice; yet the Commission has ordered that the Table of Assignments contained in Section 3.606 of its Rules and Regulations be amended to delete VHF television channel 9 from Hatfield, and to reassign it to Evansville for educational purposes. The legislative history of the Administrative Procedure Act makes clear that the notice issued by the agency in compliance with the mandate of § 4(a) "must be sufficient to fairly apprise interested parties of the issues involved, so that they may present responsive data or argument relating thereto," and that "where notice is required, it should be complete and specific."[2]

My view I think is fortified by the fact that channel 9 was sought to be brought into the Evansville proceedings by a counter-proposal. This counter-proposal, however, was objected to and the Commission delayed ruling on the objection until it was overruled simultaneously with the order eliminating channel 9 from Hatfield. If the Commission was to eliminate channel 9 it should have ruled on the objection to its involvement in the Evansville proceedings before actually deleting it from Hatfield.

Our review of the merits of Commission decisions is limited. One of the justifications for the limitation falls away if the parties are not afforded a full opportunity to be heard before the Com-

---

a notice of rule making which had been published in the Federal Register, as happened in this case. On the contrary the court pointed out "that since neither the proposed regulation nor the regulation itself * * * were ever published, the regulation is not valid * * *." Id. at page 284. Thus the failure to publish as a prerequisite to the issuance of

a regulation making certain acts criminal was held to preclude a conviction. Clearly no such situation exists in the instant case.

**1.** 60 Stat. 237, 5 U.S.C.A. §§ 1001–1011.

**2.** S.Doc. No. 248, 79th Cong., 2d Sess. 200 (1946).

**710**

mission itself. It is important, therefore, that the Commission carefully comply with the provisions Congress has provided for notice.