**UNITED STATES of America**
**v.**
**Victor RICHMAN et al.**
**Crim. No. 10316.**

United States District Court
D. Connecticut.

Feb. 1, 1961.

Harry W. Hultgren, Jr., U. S. Atty., Hadley Austin, Asst. U. S. Atty., Dist. of Conn., Hartford, Conn., for plaintiff.

Catherine G. Roraback, New Haven, Conn., for defendants Leites, Aarons, Friedlander and Zink.

Defendants Richman, Henry, Martin and Swann, pro se.

ANDERSON, Chief Judge.

By this motion the defendants, Leites, Aarons, Friedlander and Zink, challenge the legal sufficiency of the first count of the indictment which reads as follows:

"That on or about November 22, 1960, at New London, Connecticut, within the jurisdiction of this Court, Victor Richman, Roger Aarons, Peter Friedlander, Richard Zink, Edmund Leites, William Henry, Donald Martin and Robert Swann, the defendants herein, did, in violation of Title 50, Section 192, United States Code, fail to comply with a regulation and rule issued by the Commander, 3rd Coast Guard District pertaining to the waters of the harbor of New London, Connecticut in that they, the aforementioned defendants did enter the restricted area set forth in said regulation and rule and did knowingly obstruct and interfere with the launching of the U.S.S. Ethan Allen from the Electric Boat Company property on said date, in violation of the regulation and rule then and there existing, all in violation of powers conferred by Chapter 12. Title 50, Section 191 et seq. United States Code."

One of the grounds for dismissal argued by the defendants is that Count One does not comply with Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which requires that "the indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

The charge sought to be made against the defendants in the first count is a violation of Title 50 U.S.C.A. § 192, the relevant portion of which provides:

"If any other person knowingly fails to comply with any regulation or rule issued or order given under the provisions of this chapter, or knowingly obstructs or interferes with the exercise of any power conferred by this chapter, he shall be punished * * *"

This statute proscribes two kinds of conduct. First, knowingly failing to comply with any regulation or rule issued

or order given under Title 50, Chapter 12; and second, knowingly obstructing or interfering with the exercise of any power conferred by that chapter. The Indictment charges a violation of a "regulation and rule" in that, first, "the defendants did enter the restricted area" and, second, in that they "did knowingly obstruct and interfere with the launching of the U.S.S. Ethan Allen." It, therefore, would appear that knowingly obstructing and interfering with the launching is alleged to be a means by which the Government claims the defendants violated a regulation and rule.

Perhaps the Government intended to charge an offense under that part of § 192(a) which makes provision against one who "knowingly obstructs or interferes with the exercise of any power conferred by this chapter." The difficulty with this is that the launching of a submarine is not done pursuant to "any power conferred by this chapter." What the Government possibly meant to charge is that one or more of the defendants knowingly obstructed or interfered with measures taken to safeguard the U.S.S. Ethan Allen as provided in § 191(b). If so, the allegations do not clearly set forth precisely what those measures were and precisely what the obstruction or interference was.

It is also possible that the allegation about knowingly obstructing and interfering with the launching of the U.S.S. Ethan Allen was mere surplusage. In any event it seems apparent that the Government sought principally to charge the defendants with entering an area which had been restricted by an order by the Commander of the Third Coast Guard District. If so, the allegation is fatally defective in that it fails to allege one of the essential elements of the statutory offense, which is, that the offense was committed "knowingly."

"The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588.

"It is not necessary that an indictment set forth a myriad of detail, or that it satisfy every objection which human ingenuity may devise. It is enough if it charges every substantial element of the offense and at the same time apprises the accused of the charge against him in such manner that he can prepare his defense without being taken by surprise, and that he have the assurance that he will be protected against another prosecution for the same offense." Woolley v. United States, 9 Cir., 97 F.2d 258, 261, certiorari denied, 305 U.S. 614, 59 S.Ct. 73, 83 L.Ed. 391.

Count One is also deficient in other respects. The time of the alleged offense is stated in general terms: "on or about November 22, 1960." It is, of course, well settled that such an allegation of time is sufficient where the precise day and hour are not material ingredients of the offense. See Ledbetter v. United States, 1898, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162; Butler v. United States, 10 Cir., 1952, 197 F.2d 561, 562; Hale v. United States, 5 Cir., 149 F.2d 401, 403, certiorari denied 1945, 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436; United States v. Wells, D.C.D.Del.1959, 180 F.Supp. 707, 708; 27 Am.Jur., Indictments and Informations §§ 71-73. But the order here involved restricted access to the launching area only on November 22, 1960, and further, only from 11:00 a. m. until one hour after the launching of the U.S.S. Ethan Allen SSB(N)-608 which was scheduled for noon on the 22nd. As the order is thus limited in time, a plain and definite statement of the essential facts constituting the offense should include an allegation that the defendants' entry into the re-

stricted area occurred while it was subject to the order. The Indictment, as written, would permit proof of entry into the area at any time within 72 hours. Such conduct, however, would not necessarily violate the order and the statute. Likewise the general allegation of the place of the alleged offense, "at New London, Connecticut," (though the Electric Boat Co. is in Groton, Conn.) would support proof of conduct which was not interdicted by the order since the restricted area was limited to that portion of New London harbor between the latitudes of 41°, 20′, 32″ and 41°, 21′, 00″, slightly less than one-half of one nautical mile in a north-south direction.

Count One of the Indictment is also confusing in that it uses the term "regulation and rule" in apparently referring to the "order" issued by the Commander of the Third Coast Guard District. Confusion in this regard might have been avoided if citations of the statute, regulations and order had been given. Under Rule 7(a) the absence of a citation is not fatal unless misleading. In this instance the word "regulation" should, strictly speaking, be used only to refer to the regulations issued by the President, Title 33 CFR Chapter 1, sub-chapter (a), Part 6. Rear Admiral E. J. Roland, Commander of the Third Coast Guard District, was very careful to describe the action which he took on November 17, 1960 as an "order" under the authority of and in implementation of the regulations by the President above referred to.

The court cannot avoid the conclusion that the first count of the Indictment as it now stands does not provide a plain, concise and definite statement of the essential facts constituting the offense.

■ The defendants claim that the order by the Commander of the Third Coast Guard District should have been published in the Federal Register, as a "regulation" which carries with it a penalty. But this is not so. The penalty is for violation of the statute. The penalty follows the violation of a specific order only when that order is a reasonable and proper implementation of the statute and the formally published regulations by the President. The order here was nothing more than a direction to the maritime policeman on the beat, the Captain of the Port, describing in advance a standard to which he should adhere in safeguarding the vessel and the waterfront facilities as authorized by the statutes and by the regulations issued by the President. It also came out in the form of a notice and was published in the "Notices to Mariners." An order of this kind is not "a regulation" such as the court dealt with in Hotch v. United States, 212 F.2d 280, 14 Alaska 594. How many accused in criminal cases are avid readers of the Federal Register the court has yet to learn. Those who go to sea are probably more likely to see the "Notices to Mariners." But whether they see it there or elsewhere or are told of it on the spot, makes little difference. The means of notice is not of importance for this purpose. The protection of the individual lies in the fact that the statute requires that an accused be shown to have actual knowledge, at the time of the offense, that he is violating an order made pursuant to the statutes and regulations. This is protection enough.

■ The defendants have also raised constitutional questions concerning the validity of the statute, the regulations and, presumably, the order. The court is of the opinion, however, that the measures taken by the Legislative and Executive Branches of the Government to safeguard such a vessel as the submarine Ethan Allen were reasonably and properly adapted to provide necessary safeguards and security for such a vessel under the circumstances then and there existing and that neither the statute nor the regulations nor the order issued in implementation thereof is unconstitutional.

However, because the first count of the Indictment did not fulfill the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, the motion is granted and the first count is dismissed.

The defendants Richman, Henry, Martin and Swann did not challenge the sufficiency of the first count of the Indictment but it must be dismissed as to them also.