THE GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

AUSTIN THOMAS, Defendant

Criminal No. 337-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

February 4, 1972

**HOFFMAN,** *Judge*

ORDER

Much as the Court looks with disfavor on the attitude and conduct of the defendant in this matter, it nevertheless cannot, on the facts adduced, diminish the constitutional rights of the defendant. It is clear under our law that the defendant has the right to assemble and freely associate with his fellows unless his conduct in so doing runs afoul of some lawful statute or regulation which protects the overriding interests of the general public. The government in this case argues that such an overriding interest exists in the form of an administrative order.

On August 27, 1971 at a hearing in this matter the Court reserved its decision and deferred sentencing in an unrelated case involving the defendant, Criminal No. 584-1971. The Court now announces its decision.

The defendant has been charged under 14 V.I.C. 622(1) with "Disturbing the Peace" and under 14 V.I.C. 1508 with

"Interfering with Officer Discharging his Duty." The events which gave rise to these charges occurred on April 17, 1971. The facts briefly are these: The defendant with three others was seated on the fence and steps in front of the main Post Office in Charlotte Amalie. Shortly after 5:00 p.m. Officer Magruder appeared in uniform and asked all persons to refrain from sitting in that area. Officer Magruder testified that he was directed by an administrative order issued by Lieutenant England which directed members of the police department to clear the steps of the Post Office.

Apparently the defendant was the only person to challenge the order by remaining seated. The officer testified that Thomas "dared" him to make an arrest. At this point when the officer made the decision to arrest a scuffle developed. The police testified that the defendant attempted to escape by "darting" off a couple times. The defendant apparently viewed the situation with a greater degree of levity. According to him he stood up immediately after being informed of the order and made no real attempt to escape. The officer's own testimony in this regard discloses that the defendant never jumped further than two or three feet away during the process of his being taken into custody.

On cross-examination the arresting officer stated that he was first attracted to the defendant by the fact that he was seated. The officer stated that he arrested Thomas because he was acting loud and boisterous. Nonetheless it was the defendant's refusal to stand which led to the entire incident.

After reserving decision in this matter the Court invited the government and the defendant's counsel to submit briefs on questions raised by the Court at trial. After several extensions the government and the defense counsel failed to do so. Instead the government by letter indicated

a desire to reopen the case which the Court refused to do. The government at trial placed heavy reliance on the administrative order which prohibited sitting on the step area. While this matter was adverted to in the testimony, it has never been cited, produced or introduced in evidence. Had the government produced the order which forms the basis for this arrest this Court would have been duly bound to scrutinize its legal propriety. In order for police regulations to be enforced certain procedures must be adhered to. (See: 3 V.I.C. Sections 912, 913, 931, and 933.) Even assuming that an order is for a legitimate and substantial purpose, it must still be reasonable and it must be disseminated to the public. By the officer's own testimony the defendant's refusal to stand and obey the order caused his arrest. In the face of the officer's testimony that the defendant was not interfering with traffic or annoying or impeding pedestrians and the government's failure to substantiate the order, the Court finds the defendant not guilty. See: 22 C.J.S., Criminal Law, § 17; Hotch v. United States (9th Cir. 1954) 212 F.2d 280. See also with respect to resisting an unlawful arrest: Basista v. Weir (3rd Cir. 1965) 340 F.2d 74 citing United States v. DiRe (1948) 332 U.S. 581, 594.