362

**E. GRIFFITHS HUGHES, Inc., v. FEDERAL TRADE COMMISSION.**

No. 5636.

Court of Appeals of the District of Columbia.

Argued Jan. 10–11, 1933.

Decided Jan. 30, 1933.

Albert E. Maves, of New York City, and Elwood H. Seal, of Washington, D. C., for appellant.

Robt. E. Healy, Martin A. Morrison, and Harry D. Michael, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This appeal challenges the right of the Federal Trade Commission to take testimony in an open or public session in a hearing on a complaint directed against the appellant charging it with false and fraudulent advertising and unfair trade methods in interstate commerce.

The act of Congress creating the Federal Trade Commission and defining its powers and duties (Act September 26, 1914; USCA, title 15, § 41 et seq.) provides for the issuance of a "complaint" against any person, partnership, or corporation (except banks and common carriers) using unfair methods of competition in commerce. The test is the public interest. The law provides for a hearing, the taking of testimony, and the filing of the same in the office of the Commission.

In the instant case the complaint issued and was duly served on appellant, and an answer thereto was duly filed. On the day set for the hearing appellant applied to the Su-

preme Court of the District of Columbia for an injunction restraining the Commission from making the complaint public and from taking any testimony in public and from making public the transcript of the testimony. The lower court dismissed the bill, and the matter is here on appeal. We think the action of the lower court was in all respects correct.

A copy of the complaint issued by the Commission was filed as an exhibit in the proceedings below, and by recourse to it we ascertain that it recited in the first place that it was issued in the public interest; that it charged appellant was engaged in the sale in interstate commerce of certain proprietary preparations known as Kruschen Salts and Radox Bath Salts; that the former of these preparations was advertised by appellant as a cure or remedy for obesity and the latter as a preparation relieving pain and having medicinal and therapeutic value and that it is imported from England and combines the properties of the world-famous medical spas. The complaint then went on to state that all of this advertising was untrue, because in fact the Kruschen Salts is no more than a purgative or laxative, and therefore not a cure or remedy for obesity, and that the Radox Salts has no material medicinal or therapeutic value and is not imported from England and does not combine the properties of the European medical spas; and it concludes that as a result of these misrepresentations the public is misled and deceived and appellant's competitors prejudiced within the intent and meaning of section 5 of the act (15 USCA § 45).

The bill filed in the lower court charges as the ground of injunctive relief that, because of the announcements in trade journals of the issuance by the Commission of its complaint, appellant's business has been injured and that the taking of testimony in public will aggravate and increase the injury, for all of which appellant has no adequate or complete remedy at law.

■ It will be at once noticed that there is no charge in the bill that the Commission is acting unfairly or arbitrarily or that the result of an open hearing will be to disclose trade secrets or the names of appellant's customers, or any other detail of its business which, without regard to the final determination of the controversy, will result in serious injury to it. On the contrary, it is confined to the assertion that the Commission has no right to determine to hear evidence in public; that until its final determination its function is wholly inquisitorial, and is therefore necessarily secret.

We find nothing in the act which will warrant this limitation on the Commission's powers, or indeed anything which would indicate that this was the intention of Congress. The act distinctly provides that *any* person who may be interested in the question may make application, and may, upon good cause shown, be allowed by the Commission to intervene and appear in person or by counsel. This provision the Commission has construed to impose upon it the duty of public hearings, and in this we concur.

■ More than 12 years ago the Commission adopted a rule that all hearings before it, or its examiners, on formal complaint should be public hearings, and another rule of later date that, after complaint issued, the papers in the case shall be open to the public for inspection under such rules and regulations as the secretary of the Commission may prescribe. Both rules are in line with the theory that a competitor has the right to intervene, and this in itself is inconsistent with the idea of secrecy. But, without regard to this, the Commission is authorized by the act to adopt such rules not inconsistent with law as may be necessary in carrying out the act; and we have uniformly held that a regulation adopted under these circumstances has the force of law, and much more is this true where the rule is one of long standing. In a number of other acts of Congress creating bodies similar to the Trade Commission, provision is made that all proceedings *shall* be public. This is true in the case of the Interstate Commerce Commission and the Board of Tax Appeals and in proceedings before the deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.); and it is argued on behalf of appellant that, because of these specific provisions and the omission of such in the act creating the Federal Trade Commission, Congress meant that proceedings before the latter body should be secret rather than public, but we think this view cannot be sustained. Doubtless Congress considered that there might be occasions when it would be unjust to a person or corporation proceeded against to require public hearings and left the decision in such cases to the board. Certainly the omission can be given no greater significance.

■ Nor is it suggested in the bill for injunction that the proceeding is one not in the public interest, and it could not well be because, except in the case of fraud or arbitra-

ry abuse of power, that question is foreclosed by the finding of the Commission. We have said before that one who engages in interstate commerce does so subject to the regulatory power of Congress. The test is whether the restrictive measures which Congress may adopt are reasonably adapted to secure the purposes and objects of regulation. To strike down unfair methods of competition or unfair practices on the public is the duty imposed on the Commission by Congress. The object of the act is to prevent public deception and to preserve free competition. To accomplish this, of course, Congress may not authorize the spoliation of private right by public authority, but there is no charge of this nature here, and such a charge could be much more readily made and sustained if the act had provided for secret or star-chamber proceedings. The rule of the board is therefore wholly consonant with the modern view of functions of government. The purpose underlying the constitutional guaranty of public trial in prosecutions for crime is to prevent abuses arising out of the avarice of unprincipled officials or the sale of justice or a conviction through illegal evidence. The rule requiring public hearings, whether in courts or bureaus, avoids these possibilities, and is to be approved. Doubtless on such a hearing as is here provided the Commission has discretion, on a showing that such a hearing would disclose trade secrets or other data in itself destructive of the business under investigation, to do whatever is proper and necessary to avoid these consequences, but where, as is here alleged, the possibility of loss is founded wholly on the public knowledge that an investigation has been ordered, no good reason exists or can be shown why the public hearing should not continue.

Affirmed.