### HILL et al. v. FEDERAL TRADE COMMISSION.

No. 9849.

Circuit Court of Appeals, Fifth Circuit.

Dec. 23, 1941.

W. A. Bootle, of Macon, Ga., for petitioner.

W. T. Kelley, Chief Counsel, Joseph J. Smith, Jr., and Martin A. Morrison, Asst. Chief Counsels, Federal Trade Commission, Lunsford P. Allen, Jr., and James W. Nichol, Sp. Attys., Federal Trade Commission, all of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioners are engaged in the manufacture of candy and its sale and distribution to wholesale dealers, jobbers, and retail dealers in various parts of the United States, in competition with other individuals, partnerships and corporations, engaged in the candy business. This petition to set aside as invalid, a cease and desist order of the commission,[1] or in the alternative, to modify it, presents three grounds for doing so. The ground for setting it aside as invalid is that it was entered, not after a hearing and on evidence, but upon the complaint and answer. The modifications sought are, (1) to strike from it, as not within the scope of the complaint or the findings, Paragraph 4 thereof, and (2) to strike the words *"or may be made"* from Paragraph 1, because susceptible of the construction that petitioners could be held accountable for acts done by others with which they had nothing to do. (Italics supplied.)

The complaint in a careful and detailed way, sets out the facts as to the complained of activities of the petitioners and charges that they constitute unfair methods of competition in commerce, and unfair and deceptive acts and practices in commerce, within the prohibitions of the Federal Trade Commission Act.[2] The gist of the wrongful practices complained of, is the selling to wholesale dealers, jobbers, and retail dealers, of assortments of candy so packed and assembled as to involve the use of games of chance, gift enterprises or lottery schemes, when sold and distributed to the consumers thereof.

A hearing was fixed for May 31, 1940, a notice was given containing, among other things, an excerpt from the rules of practice of the commission. "If respondent desires to waive hearing on the allegations of fact set forth in the complaint and not to contest the facts, the answer may consist of a statement that respondent admits all the material allegations of fact charged in the complaint to be true. Respondent by such answer shall be deemed to have waived a hearing on the allegations of fact set forth in said complaint and to have authorized the Commission, without further evidence, or other intervening procedure, to find such facts to be true, and if in the judgment of the Commission such facts admitted constitute a violation of law or laws as charged in the complaint, to make and serve findings as to the facts and an order to cease and desist from such violations."

---

[1] "(1) Supplying to or placing in the hands of others, candy or any other merchandise, so packed or assembled that sales of such candy or other merchandise to the public are to be made, or may be made, by means of a game of chance, gift enterprise or lottery scheme;

"(2) Supplying to or placing in the hands of others, candy or any other merchandise, together with punch boards, push or pull cards, or other lottery devices which said punch boards, push or pull cards or other lottery devices are to be used, or may be used, in selling or distributing such candy or other merchandise to the public;

"(3) Supplying to or placing in the hands of others, punch boards, push or pull cards or other lottery devices either with assortments of candy or other merchandise or separately, which said punch boards, push or pull cards or other lottery devices are to be used, or may be used, in selling or distributing such candy or other merchandise to the public;

"(4) Selling or otherwise disposing of any merchandise by means of a game of chance, gift enterprise or lottery scheme."

[2] 15 U.S.C.A. § 45.

The matter was set for the taking of testimony, but before any testimony was taken petitioners filed answer. "Come now the respondents, Joe B. Hill and C. O. McAfee, individually and trading as McAfee Candy Company and Liberty Candy Company, and answering the complaint in this proceeding state that they admit all of the material allegations of fact set forth in said complaint and waive all intervening procedure and further hearing as to said facts." Thereafter, in faithful accord with the allegations of the complaint, the commission made the findings and issued the order complained of. Here, pointing out that they are based upon the admissions of the answer, the commission insists that there is no merit in the attack on them or on the order as a whole. It insists too that the attempt to modify the order is no better based, for operating not by way of penalty for past performance, but prospectively, Standard Container Manufacturers' Ass'n v. Federal Trade Commission, 5 Cir., 119 F.2d 262, Clause 4 is reasonably within the scope of the complaint and findings, and the words "or may be made" as used in Clause 1, are not reasonably subject to the construction petitioners would place on them.

■ We agree with the commission. The statute gives it express authority "to make rules and regulations for the purpose of carrying out the provisions of the Act [sections 41–46 and 47–58 of this title]." [3] These rules have the force and effect of law. National Candy Company v. Federal Trade Commission, 7 Cir., 104 F.2d 999, 1003; Hughes v. Federal Trade Commission, 61 App.D.C. 386, 62 F.2d 362. They were faithfully followed and complied with here. But these rules aside, it is fundamental that judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them. A fact admitted by answer is no longer a fact in issue. Considered as a whole then, the order stands as valid beyond dispute.

■ The attack upon Clause 4 as prohibiting petitioners from doing that which they are not even charged with, and the effort to excise from Clause 1, the words, "or may be made", are not, we think, any better based. While the complaint does allege that petitioners are manufacturers of and sell assortments of candy to wholesale dealers, jobbers, and retail dealers, and there is no allegation that they sell to the public, the complained of paragraph of the order is yet within the scope of the complaint, which was aimed at preventing the sale and distribution of candy to the public by lottery or chance. It was entirely competent for the commission to embrace in its cease and desist order, a complete prohibition against doing the thing complained of, the use of gambling devices in selling candy, whether at wholesale or at retail, and no abuse of discretion, or injury to petitioners can be found in the complained of paragraph. Federal Trade Commission v. Wallace, 8 Cir., 75 F.2d 733; Federal Trade Commission v. Algoma Lumber Co., 291 U.S. 67, 54 S.Ct. 315, 78 L.Ed. 655; Hershey Chocolate Corp. v. Federal Trade Commission, 3 Cir., 121 F. 2d 968; Local 167 v. United States, 291 U. S. 293, 54 S.Ct. 396, 78 L.Ed. 804; Standard Container Manufacturers' Ass'n v. Federal Trade Commission, 5 Cir., 119 F. 2d 262; N. L. R. B. v. Express Pub. Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930.

■ Finally, we think the complaint of the use in Paragraph 1 of, and the effort to strike from it, the words "or may be made", is without substance, because based upon an apprehension having no sound basis. In the first place, as we have pointed out, the prohibitions are prospective, not retrospective, and they may be made effective only in a proceeding to punish their violation. In any such proceeding it would be unreasonable to hold as petitioners claim might be held, that the words used would make petitioners liable for schemes or practices of persons to whom they sold with which petitioners had nothing to do. It is our view that those decisions which declare that the order is not subject to the construction which petitioners fear,[4] are more soundly based than those on which petitioners rely.[5] These latter, we think, as a result of yielding to an unfounded apprehension, have the effect of leaving a loop-

---

[3] 15 U.S.C.A. § 46(g).

[4] National Candy Company v. Federal Trade Commission, 7 Cir., 104 F.2d 999, 1003; Ostler Candy Company v. Federal Trade Commission, 10 Cir., 106 F.2d 962.

[5] Federal Trade Commission v. Charles N. Miller, 1 Cir., 97 F.2d 563; Helen Ardelle, Inc., v. Federal Trade Commission, 9 Cir., 101 F.2d 718; Sweets Company of America v. Federal Trade Commission, 2 Cir., 109 F.2d 296.

hole for evasion which is certainly closed and no more than closed, by the use of the words in controversy. For we think they must be construed as intending to prohibit and as prohibiting only those practices which petitioners have in some way, made themselves a party to, in some way assisted in carrying out. We find no error in the judgment. It is affirmed.

Affirmed.