**GRABER MANUFACTURING COMPANY, Inc., et al., Plaintiffs,**

**v.**

**Paul Rand DIXON et al., Defendants.**

**Civ. A. No. 2869–62.**

United States District Court
District of Columbia.

Nov. 6, 1963.

Melville Ehrlich, Washington, D. C., Gilbert H. Weil, New York City, for plaintiffs.

David C. Acheson, U. S. Atty., Charles T. Duncan, Joseph M. Hannon and Judah Best, Asst. U. S. Attys., James McI. Henderson, Gen. Counsel, J. B. Truly and Harold D. Rhynedance, Jr., Attys., Federal Trade Commission, for defendants.

McGARRAGHY, District Judge.

The plaintiffs, Graber Manufacturing Company, Inc., and John, Joseph and Marie Graber individually, and as officers of the plaintiff corporation, and Graber Company, a partnership, bring this action against the Commissioners of the Federal Trade Commission seeking a declaratory judgment and injunctive relief.

On July 12, 1960, the Commission issued a complaint charging plaintiffs with a violation of the Clayton Act as amended by the Robinson-Patman Act, (15 U.S.C. § 13). Hearings commenced in December of 1961, and during the course of these hearings, plaintiffs were ordered to produce certain materials called for by a subpoena *duces tecum*. One such document, Exhibit 5 before the Examiner, containing an estimate of plaintiffs' net dollar volume sales to a major customer for the year 1961, was received in evidence by the Examiner temporarily *in camera*, but the Examiner denied plaintiffs' motion that the material be accorded permanent *in camera* status.

Plaintiffs appealed to the Commission seeking permanent *in camera* status on the ground that disclosure to competitors would injure plaintiffs' business. The Commission, on August 13, 1962, refused to entertain the appeal, and plaintiffs now seek in this proceeding to be protected against disclosure of this material to the public, including their competitors.

The Federal Trade Commission has a right, and even a duty, to hold public hearings. E. Griffiths Hughes, Inc. v. Federal Trade Commission, 61 App.D.C. 386, 63 F.2d 362 (1933). As Commissioner Anderson said in In the Matter of Hood & Sons, Inc. (F.T.C. Docket 7709, [1961]), past proceedings provide the "silken thread" in the labyrinth of trade regulation law. Without free access to the public record, future respondents would find it difficult to prepare a defense, and attorneys would not be able adequately to advise clients.

However, this rational basis for public proceedings is a two-edged sword, for a respondent may be quite reluctant to appear and defend, knowing that his confidential records will be open to the public. Further, with this sword of public disclosure held over the heads of alleged offenders, the Commission is in a position to coerce the signing of consent decrees, by threatening a lengthy and public complaint, and hearings. Thus, defending a complaint, even with a valid defense, may be more damaging than signing a consent decree.

The Administrative Procedure Act, Section 1002(c) of U.S.C., Title 5, contemplates that, upon a showing of "good cause", matters of public record may be kept confidential. Pursuant to this section, the Commission has in the past allowed certain documents to be received in camera. Of course, the public interest in open hearings places the burden on the plaintiffs to show that their documents should be received in confidence. The Hearing Examiner in the instant proceeding informed plaintiffs of this, and stated that " * * * I think Respondents have quite a burden under the stated policy of the Commission to justify putting the requested material in camera rather than in the public record * * * ". (Record, pp. 60–61)

The Examiner was referring to the burden of proof recently placed on respondents by the Commission in the Hood decision, supra. In that proceeding, the Examiner placed in camera documents relating to names of customers, prices to certain customers, costs of doing business, and profits, on the ground that respondent Hood had "stated and implied it might possibly harm [him]". In attempting to correct the erroneous impression of the Examiner that a mere implication of possible harm is sufficient, the Commission announced the following standard:

"In our view, requests to seal relevant evidence of this type should be looked upon with disfavor and only granted in exceptional circumstances upon a clear showing that *irreparable injury* will result from disclosure." (Emphasis supplied)

Plaintiff Joseph Graber in his supporting affidavit explained to the Examiner that, among other things, accurate information as to a competitors success or failure with a particular product, or in a particular market area may save untold dollars in research, development, and marketing, and allow a direct benefit from the expense and experience of the competitor. Information as to a competitors declining sales or financial strength, or the number of service and repair personnel in an area, is a potent weapon in diverting customers to one's own product or service.

The Examiner considered this affidavit, and the argument of the attorney for the complainant Commission, in which he stated that "we recognize the confidentiality and our position is that these sales go back four years, and on four years previous sales we do not believe that should be so secretive." The Examiner himself then stated that this was information which competitors "would be desirous of possessing for business reasons" but that in view of the "policy of the Commission" he would deny permanent in camera status.

Thus it appears that proof of irreparable injury, which would be difficult under any circumstances concerning competitive use of business information, may

well be next to impossible before the Commission.

The Court is mindful of the narrow scope of judicial review, but upon consideration of the administrative record, and the argument of counsel for both parties, it is the opinion of the Court that the denial of *in camera* status to the material in question unnecessarily endangers the rights of the plaintiff Graber in its business secrets. The plaintiff Graber has shown that a clearly defined and serious injury to his business would result from public disclosure of the information contained in Exhibit 5 and has therefore, shown "good cause" for holding such information confidential. Accordingly, the refusal to grant permanent *in camera* status to Exhibit 5 had no substantial basis in fact, and was an abuse of discretion.

With respect to the defendants' counterclaim for enforcement of subpoena *duces tecum,* the plaintiff Joseph K. Graber will be required to comply provided that no part of the documentary evidence shall be made public and available to plaintiffs' competitors unless it is necessary to do so in the proper enforcement of the law. Business secrets should be kept from the sight and knowledge of the plaintiffs' competitors so far as it is practicable to do so in the discharge of the Commission's responsibilities under the law. (Federal Trade Commission v. Menzies, D.C., 145 F.Supp. 164; Federal Trade Commission v. Bowman, D.C., 149 F.Supp. 624; Federal Trade Commission v. St. Regis Paper Company, 7 Cir., 304 F.2d 731).

Counsel for plaintiffs will submit an Order in accordance with the foregoing.