UNITED STATES of America,
Plaintiff,

v.

SAN JUAN LUMBER CO., Inc.,
Defendant.

Civ. A. C-1315.

United States District Court,
D. Colorado.

Nov. 19, 1969.

days after notice of default, the corporation shall forfeit to the United States the sum of $100 for each and every day such failure thereafter continues.

After the filing of this suit the defendant complied with the special order of the Federal Trade Commission, and on May 5, 1969 filed its special report. Therefore, count one is moot on the motions for summary judgment, and this order deals only with the second count.

James L. Treece, U. S. Atty., Denver, Colo., Harold D. Rhynedance, Jr., and W. Risque Harper, Federal Trade Commission, Washington, D. C., for plaintiff.

Bodie, Minturn & Glantz, by James F. Bodie, Prineville, Or., Cake, Jaureguy, Hardy, Buttler & McEwen, by Donald W. McEwen and John R. Faust, Portland, Or., and Robert C. Duthie, Durango, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on the motions of both plaintiff and defendant for summary judgment. Both parties submitted briefs and oral argument was had. The complaint as filed seeks relief on two counts. The first count, brought under 15 U.S.C.A. § 49, seeks an order in the nature of mandamus commanding the defendant San Juan Lumber Company to comply with the special order of the Federal Trade Commission issued on September 25, 1968 directing San Juan to file a special financial report. The second count, brought under 15 U.S.C.A. § 50, is for recovery of forfeitures arising from the failure of the defendant corporation to file this special report in the time required. This section provides that if the failure of the corporation to file the special report shall continue for thirty

### FACTS

The uncontroverted facts as outlined in the pretrial order, briefs of the parties on the motion for summary judgment, and the argument of counsel are as follows:

1) Defendant San Juan Lumber Co., Inc., is a Colorado corporation engaged in interstate commerce in the manufacture and sale of lumber.

2) On June 20, 1961, the Federal Trade Commission adopted a Resolution providing for an investigation and the collection of information as to costs, profits and related financial data showing business conditions within the various industries and lines of commerce of the United States. A copy of this Resolution was not published in the Federal Register.

3) On September 25, 1968, the Commission issued a special order to San Juan Lumber Company to file with the Commission a report containing the information specified on an accompanying form within ten days of receipt of the order. This special order, a copy of the Resolution of June 20, 1961, and the Commission's form MG–3 were placed in an envelope by an employee of the Commission's Division of Financial Statistics.

4) This envelope was addressed to the defendant and was mailed by registered mail. It was received by an employee of the defendant on September 28, 1968.

This employee signed the return receipt as the addressee's agent. This employee was not an officer, director or supervising employee of the defendant corporation.

5) On October 23, 1968, the Commission issued a Notice of Default which was received by an employee of the defendant by registered mail on October 25, 1968. This employee also signed the return receipt as the addressee's agent, but was not an officer, director or su-

pervising employee of defendant corporation.

6) The defendant did not file the special report until May 5, 1969, on which date the completed form MG–3 was filed and accepted by the Commission as constituting compliance.

7) The Federal Trade Commission had previously transmitted the following orders and notices to the defendant San Juan Lumber Company pursuant to the Resolution of June 20, 1961:

| | | |
|---|---|---|
| a. | Special Order | October 28, 1966 |
| | Notice of Default | November 18, 1966 |
| b. | Special Order | June 20, 1967 |
| | Notice of Default | July 19, 1967 |
| c. | Special Order | October 25, 1967 |
| | Notice of Default | November 24, 1967 |

The special order of October 25, 1967 was not complied with within thirty days after the notice of default of November 24, 1967. This failure to report was the basis of Civil Action No. C–949 in this Court, resulting in a Consent Order dated July 19, 1968, which directed the defendant San Juan Lumber Company to file the special report required by the special order of October 25, 1967.

## ISSUES

The issues formulated by the pretrial order, the motions for summary judgment, and the briefs in support thereof may be summarized as follows:

1. Is it necessary that the Resolution of the Federal Trade Commission of June 20, 1961 be published in the Federal Register in order to bind the defendant?

2. Do 15 U.S.C.A. §§ 46(b) and 50 authorize the Federal Trade Commission to serve special orders and notices of default by registered mail? If so, does such service satisfy the standard of constitutional due process?

3. Was the special order sufficiently definite and certain to be binding upon the defendant?

4. Was the transmittal of the Resolution and form MG–3 with the special order by an employee of the Commission a lawfully delegated act by the Commission?

■ Issues 3 and 4 outlined above have been examined by the Court in light of the briefs and affidavits submitted and found to be wholly without merit, thereby warranting their dismissal without discussion.

1. *Publication in the Federal Register*

■ The defendant contends that the failure of the Federal Trade Commission to publish the Resolution of June 20, 1961 in the Federal Register bars its liability for the forfeitures sought by plaintiff. We find however that 44 U.S.C.A. §§ 1505(a), 1507, and 5 U.S.C.A. § 552(a), the statutory predicate upon which any duty of the Commission to publish must be based, establish that a person with actual knowledge may not

assert the failure to publish as a defense.

One case holds contrary to this finding. Hotch v. United States, 212 F.2d 280, 14 Alaska 594 (9th Cir. 1954), states that 44 U.S.C.A. § 1507 does not bar the defense of failure to publish where there is actual knowledge. At least three circuits disagree with the *Hotch* position. United States v. Aarons, 310 F.2d 341 (2d Cir. 1962), in an opinion by Judge Friendly, holds clearly that actual knowledge of the defendant under 44 U.S.C.A. § 1507 and 5 U.S.C.A. § 552(a) is a bar to the defense of failure to publish. *Aarons* has been followed by Kessler v. F.C.C., 117 U.S.App.D.C. 130, 326 F.2d 673, 690 (1963), and agreed with in dictum in Wyman-Gordon Co. v. N. L. R. B., 397 F.2d 394, 396 n. 1 (1st Cir. 1968). *Hotch* itself has been limited by the Ninth Circuit to a holding that failure to publish is a defense only where the matter not published established a criminal proscription. *See,* F. C. C. v. Schreiber, 329 F.2d 517, 528 n. 7 (9th Cir. 1964) and California Citizens Band Assn. v. United States, 375 F.2d 43, 48 (9th Cir. 1967). Davis, Administrative Law Treatise, § 6.10 criticize *Hotch,* and states that the "actual knowledge" rule applies to a defendant asserting failure to publish.

Thus, the question of the defendant's actual knowledge is presented. Defendant claims that the stipulated facts show only delivery of the special order, Resolution, and report form to an employee of the defendant. It argues that delivery to a mere employee of a corporation does not establish actual knowledge of the corporate entity. In support of this position the defendant cites 19 C.J.S. Corporations § 1079 for the proposition that notice to a mere servant or clerk, or other subordinate employee, will not be regarded as notice to the corporation, unless he stands in such a relation to it or to the fact communicated that it is his duty to communicate it to his superiors.

■ While defendant's argument is sound in the abstract, it cannot be accurately applied to the facts and circumstances surrounding the course of communication and dealing between the defendant and the Federal Trade Commission. We find that the defendant did have actual knowledge of the Resolution of June 20, 1961. Plaintiff's affidavits of May 29, 1969 establish that from October 1966 defendant had knowledge of the existence and contents of the Resolution and the information required by the special order. Although these affidavits do not include copies of the Resolution forwarded to the defendant on occasions prior to September 25, 1968, the copies of the special orders included state that a copy of the Resolution was included with each order.

■ Another factor establishing defendant's actual knowledge of the existence and contents of the Resolution may be found in the Consent Order in Civil Action No. C–949. That order of this Court, in paragraph 5, found that the Resolution of June 20, 1961 was adopted pursuant to statutory authorization. In paragraph 6 it found that defendant was served with the Resolution, special order and report form. This Court takes judicial notice of its prior order of July 19, 1968 in Civil Action No. C–949, and finds that such order constitutes notice to and actual knowledge on the part of the defendant of the existence and contents of the Resolution and of the information required by the special order.

■ Finally, the signature of the defendant's employee as agent for the addressee on the registered mail return receipt creates a presumption that the defendant in fact received the envelope containing the Resolution, special order of September 25, 1968, and report form. This presumption shifts the burden of going forward with evidence of nondelivery to the defendant. 39 U.S.C.A. § 5010(b); In Re Tax Claim Bureau of Chester Co., 208 Pa.Super. 384, 222 A.2d

602 (1966). Defendant has in fact offered no evidence of nondelivery, and we therefore conclude that from this actual delivery defendant received actual knowldge.

2. *Service by Registered Mail*

Defendant asserts that 15 U.S.C.A. §§ 46(b) and 50 do not authorize the Federal Trade Commission to serve special orders and notices of default by registered mail. From this it is argued that the Commission did not obtain jurisdiction over San Juan by service of the special order by registered mail, and that service of the notice of default by registered mail did not give the Commission sufficient jurisdiction to allow imposition of the forfeiture penalties without violation of due process of law.

The argument of the defendant has two parts. First, since the two specific statutory provisions pursuant to which the special order was issued and forfeitures sought to be collected do not provide for service by registered mail, such service is not valid to give the Commission jurisdiction. Second, it is claimed that any regulation promulgated by the Commission providing for such service violates due process.

■■■ 15 U.S.C.A. § 46(g) gives the Federal Trade Commission the power to make rules and regulations for the purpose of carrying out the provisions of sections 41–46 and 47–58 of the title. 15 U.S.C.A. § 45(f) gives the Commission power to serve its process by registered mail in the particular area of its regulation of unfair competition. Pursuant to the statutory grant of power of § 46(g), the Commission has promulgated 16 C. F.R. § 4.4. That regulation, following the Congressional lead of § 45(f), provides for service by the Commission by means of registered mail of complaints, orders and other processes of the Commission. Thus, although §§ 46(b) and 50 do not specifically provide any method of service, the rules for service promulgated by the Commission pursuant to statutory authority control service under

these sections. Hunt Foods and Industries, Inc., v. Federal Trade Commission, 286 F.2d 803, 810 (9th Cir. 1961), holds that § 46(g) is broad enough to authorize the Commission to provide by rule for service where no statute is expressly applicable, and that the utilization by the Commission of the same method as provided by § 45(f) is authorized and valid. These rules promulgated pursuant to this statutory authority have the force and effect of law. Kritzik v. Federal Trade Commission, 125 F.2d 351, 352 (7th Cir. 1942); Hill v. Federal Trade Commission, 124 F.2d 104, 106 (5th Cir. 1941); and E. Griffiths Hughes v. Federal Trade Commission, 61 App.D.C. 386, 63 F.2d 362 (1933). We therefore find that the Commission's service of its process by registered mail is authorized by law and sufficient to give the Commission jurisdiction over the defendant San Juan.

Defendant contends that the rule providing for service by registered mail violates due process. San Juan claims that due process entitles it to notice, and that notice requires personal service. The authority provided by the defendant in support of this contention is either irrelevant or unpersuasive. Nor has the plaintiff supplied the Court with direct authority on the due process implications of service by registered mail of the process of an administrative agency. In order to dispose of the issue raised we have therefore resorted to an evaluation of the administrative service of process involved in this case utilizing the standards for service of process in judicial proceedings. Standards of due process applied in judicial proceedings are the highest standards demanded by the constitutional mandate.

■■■ It is clear that personal service is not required by constitutional due process. What due process does require of a method of service has been delineated by the Supreme Court in Milliken v. Meyer:

Its adequacy so far as due process is concerned is dependent on whether

or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice implicit in due process are satisfied. 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

Further exposition of the requisite elements of due process is found in Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Due process requires that deprivation of property by adjudication must be preceded by notice and opportunity for hearing appropriate to the nature of the case. "Personal service has not in all circumstances been regarded as indispensable to the due process to residents, and it has more often been held unnecessary as to nonresidents." 339 U.S. at 314, 70 S.Ct. at 657. Adequate notice is notice reasonably calculated, under all of the circumstances surrounding a given proceeding, to apprise all interested parties of the action and an opportunity to present their objections. The method of providing notice must be of such a nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. "The reasonableness and hence constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, * * * " 339 U.S. at 315, 70 S.Ct. at 657.

 When these standards are utilized in an evaluation of the method of service required by the regulation promulgated by the Federal Trade Commission for the service of its administrative process, we find that service by registered mail does satisfy the requirements of due process. The Federal Trade Commission is a centralized agency, conducting substantially all of its operations from Washington, D. C. Requiring personal service of all complaints, orders and processes of the Commission would place a heavy burden on the agency, and significantly impair its functioning as Congress intended. Service by registered mail is reasonably calculated to give actual notice and an opportunity to be heard. The Supreme Court has on numerous occasions held that a method of service utilizing registered mail satisfies constitutional due process. The regularity of the ordinary mails is sufficient to raise a rebuttable evidentiary presumption of delivery, and the signed receipt of a registered letter raises a statutory presumption of delivery under 39 U.S. C.A. § 5010(b). We conclude that under the circumstances of this agency's practical operations registered mail is a method which in itself is "reasonably certain to inform" those persons affected by the action of the Commission. Therefore, since the method adopted satisfies the constitutional standard for due process, and there is a reasonable justification for the adoption of this method, the defendant has not satisfactorily established the insufficiency of service of process.

### FINDINGS

 We find that the Federal Trade Commission had jurisdiction over the defendant San Juan Lumber Company by the service of its special order on September 28, 1968 to order filing of a special report. Defendant's actual knowledge of the contents of the Resolution of the Federal Trade Commission of June 20, 1961 precludes defendant's assertion of the failure of the Commission to publish the Resolution in the Federal Register as a defense to this action. We find that the notice of default was duly served on the defendant on October 25, 1968, and that the failure of the defendant to file its special report within thirty days thereof constitutes a violation of 15 U.S.C.A. § 50. We find that the defendant San Juan Lumber Company is thereby liable for the statutory forfeiture of $100 for each and every day of the continuance of its failure to file. We find that defendant's failure to file

subjecting it to liability under 15 U.S.C.A. § 50 continued from November 25, 1968 to May 5, 1969. Defendant is liable to the United States for a statutory forfeiture in the aggregate amount of $16,000. There is no genuine issue as to any material fact, and plaintiff is entitled to a summary judgment as a matter of law.

It is therefore ordered:

1. That defendant's motion for summary judgment be denied.

2. That plaintiff's motion for summary judgment be granted.

3. That plaintiff have judgment against defendant in the sum of $16,000.