**UNITED STATES of America, Plaintiff,**

v.

**The RILEY COMPANY, INC., Defendant.**

**No. 78 C 4603.**

United States District Court, N. D. Illinois, E. D.

June 25, 1979.

Thomas P. Walsh, Asst. U.S. Atty., Chicago, Ill., Raymond W. Philipps, Atty., Consumer Affairs Section, Antitrust Div., Dept. of Justice, Washington, D.C., for plaintiff.

George L. Plumb, Pedersen & Houpt, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on plaintiff United States of America's [hereinafter the government] motion for summary judgment. For the reasons hereinafter stated, the motion will be granted.

### I. Background

The government filed this action seeking affirmative injunctive relief to enforce a special order of the Federal Trade Commission [hereinafter Commission] and to recover statutory forfeitures resulting from defendant The Riley Company, Inc.'s failure to comply with the Commission's special order. Defendant is an Illinois corporation which maintains its corporate headquarters and a place of business at separate addresses in Illinois. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1337, 1345 and 1355 and is undisputed.

On June 29, 1978, pursuant to Section 6(b) of the Federal Trade Commission Act, 15 U.S.C. § 46(b) [hereinafter Section 6] and to resolutions of the Commission dated June 20, 1961, and June 28, 1973, the Commission issued a special order directing defendant to file, within 10 days after receipt, a two-page special report form requesting information having to do primarily with the source of defendant's gross receipts. Copies of the applicable Commission resolutions, special order and the appropriate form were sent by certified mail to defendants' place of business. The certified mail receipt was signed by a nonsupervisory employee of defendant and dated July 7, 1978. On July 31, 1978, the Commission issued a notice of default pursuant to Section 10 of the Federal Trade Commission Act, 15 U.S.C. § 50 [hereinafter Section 10]. The notice informed defendant that a statutory forfeiture of $100 a day provided for in Section 10 would begin accruing 30 days following receipt of the notice and would continue for every day defendant failed to file the report. The notice of default was sent by certified mail to defendant's place of business and the receipt was signed by the same employee, on August 4, 1978.

This action was filed on November 17, 1978, to require defendant to complete the form and to collect the statutory forfeiture that began accruing on September 3, 1978. On January 16, 1979, defendant filed the requested report, thereby mooting the government's request for affirmative injunctive relief. The purpose of the government's motion for summary judgment is to recover the statutory forfeiture caused by defendant's default during the 133 day period that elapsed between the date when the 30-day period following notice of default ended and the date defendant filed the special report. The forfeiture totals $13,300.

## II. Discussion

Defendant asserts that summary judgment must be denied for two reasons. First, defendant states that material fact questions exist concerning whether the information sought by the special report is relevant to the Commission's enforcement powers. Defendant contends that the Commission's authority to require special reports is limited to fulfilling its enforcement powers and may not be used to collect statistical information unrelated to enforcement activity. Second, defendant states that material fact questions exist concerning the receipt of the special order and notice of default by certified mail at its place of business rather than at its corporate headquarters and by a nonsupervisory employee rather than a corporate officer. Defendant also contends that imposition of the statutory forfeiture would be inappropriate because the same information was available to the Commission through similar filings by defendant with the Securities and Exchange Commission.

█ Contrary to defendant's contention, it is immaterial whether the special report was in aid of the Commission's enforcement powers. The authority to issue special report orders pursuant to Section 6 may be used both to further the Commission's enforcement powers and to conduct general economic surveys. *In re FTC Corporate Patterns Report Litigation*, 432 F.Supp. 291, 299–300 (D.D.C.1977). The special report

required from defendant is used in preparation of the Quarterly Financial Report, a general survey that has been conducted by the Commission since 1947. Affidavits of Frank M. Hartman and William H. Sprunk, Division of Financial Statistics of the Bureau of Economics, Federal Trade Commission.

██ The Commission has promulgated regulations setting forth the method and place for service of its orders and notices. 16 C.F.R. § 4.4. The regulation provides:

(a) *By the Commission.* (1) Service of . . . orders requiring the filing of annual or special reports . . . may be effected as follows:

(i) *By registered or certified mail.*

A copy of the document shall be addressed to a corporation . . . to be served at . . . its residence or principal office or place of business, registered or certified mail, and mailed.

These regulations are clearly valid. *National Petroleum Refiners Association v. Federal Trade Commission*, 157 U.S.App. D.C. 83, 88, 482 F.2d 672, 677 (1973); *United States v. San Juan Lumber Co.*, 313 F.Supp. 703, 708 (D.Colo.1969). Because defendant was served at its place of business by certified mail as the regulations permit, it is immaterial that defendant did not receive the special order and notice of default at its corporate headquarters or by a corporate officer. *United States v. San Juan Lumber Co., supra.* Accordingly, defendant's contentions that existing fact questions on the issues of the Commission's authority to conduct the statistical reporting program and of proper notice of the order and default preclude the entry of summary judgment are without merit.

As a final contention, defendant asserts that imposition of the statutory forfeiture is inappropriate under all the circumstances of the case. Defendant states that the same information sought by the Commission was available through similar filings with the Securities and Exchange Commission, therefore, a penalty is unjust. In addition, defendant relies on *United States v. San Juan Lumber Co., supra*, for the propo-

sition that enforcement of the forfeiture is warranted only when a company continuously ignores the Commission's special orders and notices of default. In that case, the Commission sent four sets of special orders and notices of default to San Juan Lumber Co., over a period of approximately two years, but was awarded a forfeiture covering only the period of default relating to the fourth special order and default notice.

Once the statutory penalty attaches, this court is without authority or discretion to waive any portion of the forfeiture. *United States v. Paul B. Elden Co.,* CCH 1974–2 Trade Cases ¶ 75,238 (D.Del. September 6, 1974). The ruling in *United States v. San Juan Lumber Co., supra,* is not to the contrary, as it is unclear in that case, whether the Commission was seeking imposition of a fine from the earliest possible date of default. It was within defendant's power to prevent any forfeiture from accruing by filing an action itself, challenging the authority of Commission to seek duplicative or purely statistical information. *St. Regis Paper Co. v. United States,* 368 U.S. 208, 226, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961). Having chosen to wait until the Commission took action by filing this lawsuit, and having decided to wait an additional two months before filing the required report, the defendant may not avoid imposition of the accrued forfeiture of $13,300.

III. Conclusion

For the reasons stated, it is therefore ordered that the United States of America's motion for summary judgment shall be, and the same is hereby, granted.