**Gael DE BROUSSE, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 92–284T.**

United States Court of Federal Claims.

April 29, 1993.

Gael De Brousse, pro se.

Steven M. Webster, Washington, DC, with whom was Acting Asst. Atty. Gen. Michael L. Paup, for defendant.

## MEMORANDUM OPINION

REGINALD W. GIBSON, Judge:

This memorandum opinion addresses plaintiff's Motion for Judgment on the Pleadings, and to, consequently, vacate the assessment[1], against him as the responsible party required to collect, truthfully account for, and pay over withholding taxes, pursuant to § 6672(a), Title 26, United States Code.[2]

1. Plaintiff was assessed $9,392.94, pursuant to 26 U.S.C. § 6672(a) as the responsible party required to collect, truthfully account for, and pay over withholding taxes for the second and third quarters of 1987 (June 30, 1987 and September 30, 1987). This is a withholding tax refund suit wherein plaintiff seeks the refund of $2,768.47 paid in partial satisfaction of the 100% penalty. The defendant has counterclaimed plaintiff as follows:

| Period Involved | Amount |
|---|---|
| 2nd Quarter, ending June 30, 1987 | $3,546.69 |
| 3rd Quarter, ending September 30, 1987 | 5,837.15 |
| Costs | 9.00 |
|  | $9,392.84 |
| Collected (subject of the refund claim) | 2,768.47 |
| Defendant's Counterclaim | $6,624.37. |

2. Section 6672(a), provides, in pertinent part, as follows:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment

Plaintiff herein, Gael De Brousse, a French National, appearing *pro se*, alleged as follows:

(i) He acquired a 25% interest in the outstanding stock of Ceramique Francois Inc., from Francois Vallee for approximately $100,000 in September, 1986.

(ii) The business was commenced by Vallee in 1984.

(iii) He, plaintiff, was given the title of Secretary/Treasurer and Office Manager duly authorized to sign checks.

(iv) This authority, *supra*, commenced on December 6, 1986, and continued until September 22, 1987, when it was revoked by Francois Vallee.

(v) Plaintiff also contends that he sought to withdraw from the status of stockholder in Ceramique Francois in August 1987.

(vi) Although he carried the title of Secretary/Treasurer, and office manager, with authority to sign checks, he was:

- not *the* person required to collect, truthfully account for, and pay over withholding taxes;
- not the person who directed the activities of the business;
- not the person who had the authority to decide who was to be paid or in what amount;
- not the person responsible for determining the outstanding amount of taxes due to be paid;
- not the person with authority to make decisions whether other expenses were to be paid prior to taxes; and
- a victim of a swindle by Vallee, the president of Ceramique Francois, who directed the activities of the business.

(vii) He (plaintiff) left the business in August 1987, then returned for a few days in September 1987; thus the filing of the third quarter return (Form 940) was the responsibility of Vallee.

To said Rule 12(c) motion, plaintiff attached multiple exhibits, A through J, inclusively, consisting of various documents which are clearly matters outside of the pleadings which have not been excluded by the court. In connection with the permissible provisions thereunder, Rule 12(c) further notes that—

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56....[3]

(emphasis added).

Since all of the elements for a converted Rule 12(c) motion to a Rule 56 motion obtain, the foregoing Rule 12(c) motion shall hereinafter be treated as a motion for summary judgment. In such case, the threshold issue simply is—whether there are any genuine issues of materials facts regarding the merits of said converted motion which will preclude this court from granting the motion for summary judgment.

In its opposition to plaintiff's motion, defendant avers that there are unmistakably clear and unequivocal factual issues pending in the foregoing motion, including but not limited to—

(i) whether plaintiff willfully failed to collect such tax, or truthfully account for and pay over such tax? and

(ii) whether plaintiff, by preferring other creditors, willfully failed to pay over trust fund taxes for the second and third quarters of 1987?

■ Moreover, defendant points to the undeniable fact that during a hearing on March 8, 1993, in response to an inquiry by the court, plaintiff *freely admitted in open court* that there *are* genuine issues of material fact relating to the merits. It is well settled that judicial admissions are of the highest possible probative value inasmuch as they are "beyond the power of evidence

---

thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

3. At this posture, there is no underlying Rule 56(g) issue requiring limited discovery for purposes of the converted Rule 12(c) motion.

to controvert them." *Deluxe Check Printers v. United States,* 14 Cl.Ct. 782, 794 (1988), quoting *Hill v. FTC,* 124 F.2d 104, 106 (5th Cir.1941).

■ Since plaintiff and defendant both agree that, as to the issues raised by the converted motion for summary judgment, there are disputed genuine issues of material fact; that circumstance, *ipso facto,* definitively resolves the efficacy of plaintiff's motion. This is clearly so because the Court of Appeals for the Federal Circuit reiterated the basic rules in connection with a court's consideration of a motion for summary judgment as follows:

> The ... court must view the evidence in the light most favorable to the nonmoving party, *and any doubt as to the existence of issues of material fact must be resolved in favor of the party opposing the motion.* The movant bears the burden of demonstrating the absence of any genuine issue of material fact....

*Jamesbury Corp. v. Litton Industrial Products, Inc.,* 839 F.2d 1544 (Fed.Cir. 1988).

In short, therefore, we thoroughly agree with the foregoing reasoning, and embrace the authority proffered by defendant in its opposition. Given the foregoing, we deny plaintiff's motion for judgment on the pleadings converted herein to a motion for summary judgment because of admitted genuine issues of material fact.

The following Appendix G schedule shall now be operative:

1. All pretrial discovery shall be completed by July 30, 1993.

2. The parties shall comply with paragraph 10 of Section V of Appendix G by August 30, 1993.

3. Plaintiff shall comply with paragraphs 11–13 of Section V of Appendix G on or before September 20, 1993.

4. Defendant shall comply with paragraphs 11–13 of Section V of Appendix G on or before October 12, 1993.

5. The parties are not required to file proposed findings of fact (paragraphs 11(a) and 11(b)).

6. The parties shall comply with paragraphs 14–15 of Section V of Appendix G on or before October 12, 1993.

As to paragraph 14 (Stipulations), the joint memorandum shall be in two parts:

a. The first part shall contain separately numbered paragraphs covering all matters to which the parties have stipulated during the course of the proceedings. The stipulations must be comprehensive and the fact that any matter may have been established during discovery by admission or otherwise is not grounds for omitting it from stipulation. A party may not refuse to stipulate as to the content or purport of a document simply by claiming that the document is the best evidence of its content. Nor is the fact that a party deems a fact irrelevant a sufficient basis for refusing to stipulate to its existence. Relevance may be argued in the Memorandum of Contentions of Fact and Law.

b. The second part of the memorandum shall set forth any matters a party proposes to be stipulated, as to which the parties have failed to reach agreement, and which the proponent of the stipulation believes are not reasonably subject to dispute. Each such proposed stipulation shall be set forth in full, together with the reasons the proponent believes the matter is not subject to dispute. The opposing party must explain beneath why and to what extent it believes the matter to be in dispute.

7. If contemplated, the parties shall comply with paragraph 16 of Section V of Appendix G on or before October 12, 1993.

8. The pretrial conference shall be held at 10:00 a.m. on October 29, 1993, at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. The exact courtroom location will be posted in the lobby. A trial date will be set at this conference.

IT IS SO ORDERED.